| 77 | 633 |
| 111a | 345 |

## AUSTIN MARLOW *et al.*

*v.*

## JULIA A. MARLOW.

1. CHANCERY JURISDICTION—*trust and fraud.* Where a husband, on separation from his wife, executed to her his promissory notes, with personal security, for her support and that of his daughter, which, with an agreement relating to the separation, were placed in the hands of a trustee for collection, and afterward, on the fraudulent pretense that he would live with his wife, obtained possession of the same, and then refused to live with her, it was *held*, owing to the trust, as well as to the fraud prac-

ticed to obtain possession of the notes, that a court of equity would take jurisdiction of a suit to compel the payment of the same.

2. CONTRACT—*construed—estoppel to take advantage of condition.* Where a written contract, executed at the time of the giving of promissory notes by a husband to his wife, on separation, provided that she should go to Indiana, and reside there, and that, if she returned, the notes were to become void, it was *held,* that the contract should not be so construed as to debar her from returning to defend a suit for divorce brought by him; and where the husband fraudulently induced her to remain, after dismissal of his suit, under pretext of a reconciliation, her stay in this State could not be regarded as a real violation of the contract.

3. PAROL EVIDENCE—*on notice to produce writing.* Where one of the makers of promissory notes fraudulently obtained possession of the same and a written contract, parol evidence was *held* admissible to prove the contents, on proof of the service of notice on one of the defendants to produce them, in a suit for their collection, and on proof that the principal had said he had destroyed them, which was not contradicted on the trial.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was a bill in chancery, filed by Julia A. Marlow, against Austin Marlow, her husband, and Commodore C. Symonds, William A. Forth, Cyrus Howard, George Anderson and James Marlow, his securities, to enforce the payment of certain promissory notes. The opinion of the court presents the material facts of the case.

Messrs. CHESLEY & HAGLE, for the appellants.

Mr. B. B. SMITH, and Mr. J. O. BURTON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill in this case sets out the existence of a marriage between the complainant, Julia A Marlow, and Austin Marlow, one of the defendants; that they having for some time lived unhappily together, about the first day of December, 1872, an agreement in writing was entered into between them, that they should live separately; that the complainant and her daughter, aged some sixteen years, should separate from

said defendant; that he would pay her $50 in hand, which he did pay, and $350, in instalments, with ten per cent interest, for which last amount he. as principal, and the other defendants, as sureties, executed their promissory notes to her; that the agreement and notes were placed in the hands of one Filson, as trustee of compainant, for the purpose of collection of the notes for her, which were for her maintenance and support; that. in pursuance thereof, she did separate from defendant Marlow, and removed to Indiana. taking her daughter with her, and supporting her; that the first note was paid, and the proceeds sent to her by Filson; that, some time afterward, defendant Marlow filed his bill for a divorce, in the Clay county circuit court, in this State, against the complainant; that she came back to the county of Clay, to defend the suit, and afterward Marlow dismissed his suit for a divorce, and thereafter, through the means of a fraudulent agreement which he made with complainant, that they would live together as husband and wife, he fraudulently obtained possession of the notes and agreement from Filson. the trustee, and destroyed them, and then, in violation of his agreement, refused to live with complainant, and did not do so.

The notes having all become due, the bill was filed against all the makers of the notes for relief, and, upon final hearing upon answers and proofs, a decree was entered against the defendants for $300, from which they appealed.

It is urged that there was here a complete remedy at law, by suit upon the notes. But there was a trust. The notes and contract were placed in the hands of a trustee. The fraudulently obtaining possession of them from the trustee would give a court of equity jurisdiction.

The allegations of the bill appear to be sustained by the proofs. It satisfactorily appears that the agreement, on the part of the husband, of reconciliation with the wife, and to live with her again, was a mere fraudulent contrivance to get the possession of the notes and contract from the trustee. and have them cancelled, to which scheme there is ground for the

inference that one or more of the sureties on the notes were privy, and that it was by the means of that agreement that the papers were obtained from the trustee.

There was proof that there was a provision in the contract that the complainant was to go to Indiana, and that, if she came back, the notes were not to be paid. but were to be forfeited ; and it is insisted that this provision was violated by complainant coming back to this State from Indiana, and that the notes thereby became void. This provision of the contract should not be so construed as to debar the complainant from returning to the State to answer to and defend a suit at law brought against her, and especially a suit for divorce brought by the husband.

Her subsequent stay, after the dismissal of the divorce suit, may be regarded as being in consequence of the fraudulent inducement to do so held out to her by the husband, one of the defendants. We do not think that, under the circumstances, it can be fairly said that there was here any real violation of this provision in the contract.

It is insisted there was error in receiving parol evidence of the contract and notes. There was service of notice on one of the defendants to produce them. The bill set forth that they had been delivered up to defendant Marlow, and destroyed. There was evidence that he said they had been destroyed, and nothing to the contrary, except the production of two of the notes marked as cancelled. Under such circumstances, the parol evidence was properly received.

The decree will be affirmed.

*Decree affirmed.*