## John Jenkins
## v.
## Elizabeth Jenkins.

Husband and wife—Separate maintenance.—To maintain an action for separate maintenance two facts must concur; the complainant must be living separate and apart from her husband, and she must be so living without fault on her part. So, where the evidence fails to show that it is without the fault of the complainant that she is living separate and apart from her husband, the action cannot be maintained.

Appeal from the Circuit Court of Cook county; the Hon. W. W. Farwell, Judge, presiding.

Mr. Arthur D. Rich, for appellant; that the decree can only be for separate support while the parties remain separate, cited 2 Bishop on Marriage and Divorce, § 361; Whorewood v. Whorewood, 1 Ch. Cas. 153.

Desertion for the purpose of bringing suit will not be excused in law: Doyle v. Doyle, 26 Mo. 545; Simons v. Simons, 13 Tex. 468.

If the wife voluntarily abandons her husband, or is compelled to on account of her own wicked conduct, she will not be entitled to separate maintenance: 1 Bishop on Marriage and Divorce, § 573; Wahle v. Wahle, 71 Ill. 510; Ross v. Ross, 69 Ill. 569; Angelo v. Angelo, 81 Ill. 251; Bevier v. Galloway, 71 Ill. 517.

Persons furnishing necessaries to a married woman living separate from her husband, are bound to make inquiry as to the causes and circumstances of the separation, or they give credit at their peril: McCutcheon v. McGahay, 11 Johns. 282; Rutherford v. Coxe, 11 Mo. 347.

Complainant already has a proceeding for divorce pending against the defendant, in which she prays for alimony, and relief in this suit should not be granted: Stevens v. Stevens, 1 Met. 279; Dunnock v. Dunnock, 3 Md. Ch. 140; 2 Bishop on Marriage and Divorce, § 320.

The defense of another suit pending may be made by answer

as well as by plea or demurrer: 1 Daniels' Ch. Pr. 715; Mitford's Eq. Pl. 362; Story's Eq. Pl. § 851; Cooper's Eq. Pl. *272; Beames' Pleas in Eq. 138; Curtis' Eq. Prac. 164; Simpson v. Brewster, 9 Paige, 246; Tarleton v. Vietes, 1 Gilm. 470.

Messrs. E. & A. VAN BUREN, for appellee; that pendency of former suit should have been set up by plea, cited Story's Eq. Pl. § 783.

The offer to receive the wife back is no defense to this action, and if it were it should be so broad as to restore her to all the rights and privileges of a wife: Ahrenfelt v. Ahrenfelt, Hoff. Ch. 47; Thompson v. Thompson, 2 Dallas, 128; May v. May, 62 Pa. St. 206; McClurg's Appeal, 66 Pa. St. 366; Kinney v. Kinney, 1 Yates, 78.

MURPHY, P. J. On the 7th day of June, 1878, the appellee exhibited her bill in chancery in the Circuit Court of Cook county against her husband, the appellant, praying for a decree directing the defendant therein to pay her a sum sufficient for her reasonable support and maintenance, and a further sum sufficient to enable her to prosecute her said suit.

This bill was filed in pursuance of Section 22, Ch. 69, of the Revised Statutes of 1877, which provides as follows: "That married women who without their fault now live or may hereafter live separate and apart from their husbands, may have their remedy in equity in their own names respectively against their said husbands for a reasonable support and maintenance while they so live separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life and the circumstances of the respective cases; and the court may grant allowance to enable the wife to prosecute her suit as in cases of divorce." It will be seen that to maintain the action under the foregoing statute two facts must concur: first, the complainant must be living separate and apart from her husband ; and secondly, she must be so living without fault on her part. In this case it is conceded that the appellee is living separate and apart from her husband, and the only question litigated in the court below and

discussed in this court is whether she was so living without fault on her part.

The record discloses that the parties were married on the 14th day of April, 1867, in Canada West, and that immediately thereafter they removed to Chicago, where the appellant has since resided, and where the appellee has also resided, except a portion of the time she has been back in Canada; that the relations of the parties were unhappy, they never having been able to so live together as to constitute a great ornament to the society in which they moved, or reflect much honor upon themselves.

In 1869, appellee filed her bill in chancery against her husband, praying for a divorce, which, after some time, she dismissed on her own motion and returned home; remained there until 1872, when she filed a second bill for a divorce, which, upon full hearing in the Superior Court, was dismissed for want of equity.

The grounds alleged in both these bills were extreme and repeated cruelty. In 1874, she filed her third bill, alleging as a ground for divorce, in addition to the charge of cruelty, the further charge of adultery. Upon the trial of this cause, a jury was impaneled to try the issues, and returned a verdict against the appellee, upon which a decree of divorce was entered; also a decree for alimony and solicitor's fees. From this decree appellant appealed to the Supreme Court, where, by an opinion of that Court, filed on the 21st day of January, 1878, the decree of the court below, in all its parts, including the decree for alimony and solicitor's fees, was reversed, and the cause remanded, the Court remarking in the concluding sentence of its opinion:

" Defendant ought not to be required to pay further counsel fees or alimony."

After all this, and whilst the case so reversed by the Supreme Court remains pending, the appellee on the 5th day of May, 1878, accompanied by one Mrs. Smith, whose part in all the unhappy history between the parties to this suit appear to have been anything but that of a ministering angel of peace, returned to the residence of her husband, and claimed to have returned to resume the duties and privileges of a wife    As to just what

transpired then and there, the testimony is in conflict, and the view taken by the court of the case renders it unnecessary at this time to reconcile or harmonize it. But of one fact there seems no doubt, and that is, that appellant ordered Mrs. Smith to leave his premises, which in the light of the history of her previous conduct in the premises was every way justifiable. Appellee claiming she was also ordered to leave by appellant, thereupon the appellee filed this bill for separate maintenance, under the statute as above given. The right of action, as we have seen, depends upon the question of fault on her part. If she is without fault in thus living apart from her husband, then this action is maintainable; otherwise, not. On the trial in the court below, appellant offered to prove the filing of these various bills by appellee against appellant, and that she had not returned in good faith to resume the sacred duties of wife, on the 5th day of May, 1878, but that, accompanied by her over-zealous and meddlesome friend, Mrs. Smith, she went there for the discreditable purpose of obtaining facts for the foundation of further litigation with her husband, which proof was objected to by the appellee, and the objection sustained by the court, and exceptions taken by the appellant. This we think was error in the court below, and for which the decree of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.