# JOHN C. KLEMME
## v.
# MARIA KLEMME.

*Divorce—Separate Maintenance—Amendment—Pleading.*

1. A condition precedent to a decree awarding a wife separate maintenance, is that she shall live separate and apart from her husband, and the fact must be alleged in the bill and supported by the proof.

2. Living in the same house and eating at the same table, but not occupying the same room, does not constitute a living apart within the terms of the statute.

3. In such case, if on all the facts the wife is entitled to the relief granted, such facts as arose after the filing of the original bill, should be brought before the trial court by a supplemental bill.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. JUDD, RITCHIE & ESHER, for appellant.

The statute is plain: "Married women who * * * live separate and apart from their husbands, may have their remedy," etc., etc. Rev. Stat., "Husband and Wife," Sec. 22.

At common law, a wife, who, through her husband's fault or with his consent, was living separate from him, could, notwithstanding, charge him with the necessary expenses of her support. To those who, under such circumstances, gave her credit, the husband was liable at law. In such cases, however, the burden of establishing upon each occasion of credit, that the separation was through the husband's fault, etc., etc., lay upon the creditor, and this rule interposed such practical obstacles in the latter's way, as operated often to prohibit the giving of credit to a married woman living apart from her husband; and yet courts of equity, upon the hypothesis of an adequate remedy at law, declined to interfere in favor either of wife or creditor. To remedy this defect in the common

law, this statute was passed. Ross v. Ross, 69 Ill. 569; Johnson v. Johnson, 20 Ill. App. 495; 125 Ill. 510.

But there can be no need for its application until after an actual separation, of the nature of a permanent separation, and manifested by overt acts. Until then, the husband would, as of course, be liable at law for her support, and the obstacles in the creditor's way, which this statute seeks to obviate, would have no existence, and there could be no occasion for the remedy which this statute affords. Now, there being no allegation upon this point in the bill, it could not be found in the decree, even though the evidence furnished ground for such finding.

"A party can no more succeed upon a case proved, but not alleged, than upon a case alleged, but not proved." Foster v. Goddard, 1 Black (U. S.), 506; Carneal v. Banks, 10 Wheat. 181.

"The examination of the case by the court is confined to the issues made by the pleadings. Proofs without the requisite pleadings are as unavailing as such allegations would be without the proof to support them." Rubber Co. v. Goodyear, 9 Wall. 793.

"It has often been held that a party can not avail himself of any fact established by the proofs, which has not been alleged in his bill." Kellogg v. Moore, 97 Ill. 288.

But *even the decree* here does not attempt to find *when* the separation occurred, or even that the parties ever have separated. This bill was, in fact, framed for a *divorce*, and, as framed, no prior separation of the parties was necessary to support it. As a matter of fact, the parties did *not* separate till *after* this suit was begun.

Messrs. Louis Kistler & Son, for appellee.

It is not essential, in this cause, that the bill should allege that the parties were living separate and apart without her fault.

This is simply a question of jurisdiction; but the court had acquired jurisdiction by and through the original bill. This is also admitted by appellant in his brief (p. 5). Having, however, acquired jurisdiction for any cause, the court will always

retain jurisdiction to do complete relief between the parties Gage v. Parker, 103 Ill. 528; Apperson v. Gogin, 3 Ill.App. 48; City of Peoria v. Johnston, 56 Ill. 45; Rawson v. Fox, 65 Ill. 200; Leach v. Thomas, 27 Ill. 457.

The case of Gage v. Parker, *supra*, is conclusive upon this point. It is as nearly parallel to the case now under consideration as a case possibly can be, unless the cases happen to be identical. In Gage v. Parker, *supra*, the object of the original bill filed was to enjoin the execution and delivery of a deed. The original bill was subsequently amended as to the prayer, so that the object came to be a bill to quiet title, or remove a cloud. The complainant amended the prayer only, and did not amend so as to allege possession of the premises, which would have been necessary had the bill originally prayed to quiet title.

Chief Justice Craig, in delivering the opinion of the Supreme Court, says that "The court acquired jurisdiction as a court of equity to grant relief under this head (to enjoin the execution and delivery of a deed), and the fact that an amendment was subsequently made to the bill, under which other relief was asked, did not deprive the court of jurisdiction to proceed and grant complete relief." "It is a familiar rule of equity," says the court, "that when the court acquires jurisdiction for one purpose, it may go on and do complete relief between the parties."

Grounds for a divorce are grounds for a separate maintenance.

We maintain that the statute allowing a separate maintenance was enacted only for the purpose of granting relief to the wife for causes or circumstances which would not, *per se*, entitle her to maintain a bill for the greater relief, viz., a divorce *a vinculo matrimonii*.

Courts of chancery have always recognized the duty of the husband to provide and furnish maintenance for the wife. The statute of separate maintenance is jurisdictional only. Johnson v. Johnson, 20 Ill. App. 495.

GARNETT, J. A bill for divorce was filed in the Circuit Court by appellee against appellant, but by amendment was

converted into a bill for separate maintenance.   Decree in pursuance of the prayer of the bill as amended was entered, and the defendant appeals.   The relief granted in such cases is purely statutory.   Trotter v. Trotter, 77 Ill. 510.   A condition precedent to such a decree is that the wife shall live separate and apart from her husband.   1 Starr & C. Ill. Stats., 121; Jenkins v. Jenkins, 3 Ill. App. 641.

The fact must be alleged in the bill and supported by the proof.   Neither the bill, nor the amendment thereto, makes any allusion to this material fact, and the proof only shows that when the bill was filed the parties were living in the same house, and eating at the same table, though they did not then, and had not, for several years prior thereto, occupied the same room.   Husband and wife living in that way are not living separate and apart, within the terms of the statute. But in any view, the proofs can not be considered, as " proofs without allegations are just as unavailable as allegations without proofs."   Bremer v. Canal and Dock Co., 123 Ill. 104.

The decree is reversed and the cause remanded.

*Reversed and remanded.*

*Per Curiam.*   On a petition for rehearing it is suggested that the Circuit Court, having acquired jurisdiction of the parties and subject-matter by the original bill for divorce, was authorized to grant such relief as the facts entitled the appellee to, though when the suit was commenced such facts, in part, had no existence, and are not stated in any pleading on her part.

If, on all the facts, she was entitled to the relief granted, such of them as had happened after the original bill was filed should have been brought before the court by a supplemental bill, for a decree must be based not only upon the evidence, but also upon the pleading.

As no such bill can be filed in this court, it is useless to inquire whether, upon such a bill, she would be entitled to the relief given by this decree.

*Petition denied.*