## Levi Patterson v. Manorah Patterson.

1. CONTRACT OF SEPARATION—*when valid.* A contract contemplating an immediate separation between husband and wife by which the future support of the wife is provided for, is valid, even though such contract is made directly between such husband and wife.

2. CONTRACT OF SEPARATION—*when recovery of payments due under, will be sustained.* Installments which have accrued under a contract of separation and which have not been paid may be recovered by action at law, notwithstanding such contract provides that in the event of such a default resort may be had to proceedings for separate maintenance.

3. MARITAL OBLIGATIONS—*power to affect, by contract.* The husband or the wife cannot by contract change or avoid the obligations of their marriage.

4. PUBLIC POLICY—*contracts in violation of.* Contracts by which it is sought to change or affect marital obligations, are void as against public policy.

5. CONSIDERATION—*what is a, to support a contract of separation.* The duty of a husband to support his wife furnishes a sufficient consideration to sustain a contract for the furnishing of such support while they are living separate and apart.

6. ALIMONY—*contract of separation as affecting right to apply for.* A wife may apply for separate maintenance. notwithstanding she has entered into a contract with her husband by which he agrees to support her in a state of separation.

Action of assumpsit. Error to the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 17, 1903. Opinion modified; rehearing denied, November 17, 1903.

R. M. PEADRO, for plaintiff in error.

HARBAUGH & THOMPSON, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action originally brought by defendant in error before a justice of the peace, to recover the amount alleged to be due her under a contract between her and the plaintiff in error. Judgment was rendered in her favor, from which plaintiff in error appealed to the Circuit Court, where a like judgment was had, to reverse which this writ of error was sued out. The parties are husband and wife, and prior to July 2, 1898, were, with their two children, living together. On that day they agreed to separate, and entered into a written contract which, among other things, recited, that, "Whereas the parties to this contract are unable to longer live together as husband and wife, therefore it is

agreed that the said Manorah Patterson shall maintain the two children of the parties hereto, * * * and in full for her separate maintenance for herself and children, said Levi Patterson agrees to pay to said Manorah Patterson the sum of one hundred and fifty dollars ($150) per annum, payable quarterly as follows: The first payment to be made on or before August 1, 1898; and the other installments made every three months thereafter. In case said Levi Patterson shall fail to make the payments as therein provided, then the party of the second part shall be entitled to all her legal rights under the law for separate maintenance."

Plaintiff in error made two payments under said contract, and then defaulted. On February 22, 1901, defendant in error filed a bill for separate maintenance against plaintiff in error, praying for a permanent allowance for the maintenance of herself and children. A decree for separate maintenance was entered thereon, awarding the custody of the children to the defendant in error and fixing her permanent allowance at $25 per month thereafter. On February 15, 1902, defendant in error brought this suit to recover the payments alleged to be due upon the contract.

The only question involved in the case is as to the effect of the suit for separate maintenance upon the contract. Plaintiff in error contends that by the terms of the contract, in case of default, defendant in error had the right to enforce the same by suit, or she might take advantage of the last clause of the contract and file a bill for separate maintenance, but that she could not pursue both remedies, and that having elected to file the bill she waived the right to proceed under the contract; that had there been no default, there would have been no grounds for separate maintenance.

No authorities have been cited by the plaintiff in error which support his contention, and we are unable to conceive upon what rule of law or theory he bases the same. We are unable to understand how it can be claimed that defendant in error is not entitled to recover the installments due under the contract at the time when she brought her suit for separate maintenance. The right had accrued

and the amount was fixed and due and payable.  The provision of the contract, that in case of default, defendant in error should have the right to bring separate maintenance amounted to nothing.

While a contract contemplating an immediate separation of a husband and wife, by which her future support is provided for, is valid, even though such contract is made by the parties directly with each other (Greenhood Pub. Pol. 486; Bish. Mar. & Div., sections 1261, 1286, 1312; Walker v. Walker, 9 Wall. 743; Marlow v. Marlow, 77 Ill. 633), the husband and wife cannot change or avoid the obligations of their marriage relations by their agreement, for such agreements are void so far as they contravene public policy or disregard duties imposed by law.  The parties can make no valid agreement to live in separation, because cohabitation is a legal duty arising out of the marital relation.  But the husband may bind himself to support the wife, since that is but one of the duties he assumed at marriage, and such agreement does not violate the policy of the law. Nelson on Divorce, Sec. 553.

While our courts probably would not enforce contracts to live separate, the duty of the husband to support the wife furnishes a sufficient consideration to support the same. Phillips v. Meyers, 82 Ill. 67.

Such an agreement is not a bar to the wife's application for alimony.  Bish. Mar. & Div., Sec. 445; Miller v. Miller, 1 N. J. Eq. 386; Wilson v. Wilson, 40 Iowa, 230.

It follows that even if defendant had expressly agreed, as a consideration for the payments to be made for her support, not to bring a suit for separate maintenance, she would not be bound thereby.  She was therefore at liberty to do so at any time without waiving her right to the installments then due.

The judgment will be affirmed.

*Affirmed.*