## Thora L. Rathmann, Appellee, v. Charles H. Rathmann, Appellant.

### Gen. No. 20,973. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed December 8, 1915. Rehearing denied December 21, 1915.

## Statement of the Case.

Bill for separate maintenance by Thora L. Rathmann, complainant, against Charles H. Rathmann, defendant, in the Superior Court of Cook county. From a decree in favor of complainant, defendant appeals.

The decree for separate maintenance was based upon the charge of extreme and repeated cruelty, and that at the time of the decree she was living separate and apart from her husband without her fault. The decree further directed that complainant be allowed the use and occupancy of the dwelling house owned by defendant—then occupied by complainant and her minor children as well as by the defendant—together with all personal property, goods, chattels and effects contained therein; that she also be allowed the use of the building used by defendant as a garage, and seventy-five dollars per month alimony. It also awarded to complainant the custody of the two children, and further ordered said defendant to vacate the room occupied by him in said dwelling house and that he move therefrom.

Complainant's bill was filed in June, 1913, wherein it was alleged that she was married to defendant in December, 1907; that she continued to cohabit with him until May 10, 1913; that they had two children, one five years old and the other sixteen months; that complainant discharged her duties as wife while she lived with defendant, but that defendant, a short time after marriage, commenced a course of cruel, unkind and inhuman conduct toward her, which continued until on or about May 10, 1913, at which time she was compelled to cease her relation with defendant as a wife, although she continued to live under the same roof; that because of defendant's extreme and repeated

cruelty it is unsafe and improper for her and the children to live with him.

Complainant by her testimony showed that she and the defendant had been living as husband and wife in said dwelling house up to May 10, 1913; that thereafter, because of alleged inhuman treatment on his part, she ceased sustaining the marital relationship with him, although continuing to live under the same roof, each occupying a separate room. While the bill charges failure to properly support complainant, the record is barren of any evidence tending to show that complainant was ever without the necessaries of life. At the time the bill was filed she was living in a home provided by the defendant, and one deemed suitable for them to live in. While there was some dispute as to whether or not the support given her by defendant was suitable and adequate to their condition in life, yet she had the necessaries of life and had the service of a maid up to the time said bill was filed. The only evidence that complainant and defendant were living separate and apart was the testimony that from May 10th, when the complainant ceased living with him as his wife because of cruelty, to June 10th, the date of the filing of her bill for separate maintenance, the complainant and defendant, while living under the same roof, occupied separate rooms. There was no evidence as to whether or not during this period the parties ate at the same table or met in the family living room or that in any way the relationship was changed, save the fact that they did not occupy the same room.

CANTWELL & SMITH and CAREY W. RHODES, for appellant.

CHARLES E. ERBSTEIN and ROBERT R. JAMPOLIS, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 267*—*necessity that decree of separate maintenance be supported by evidence that parties were living apart.* In an action for separate maintenance, a decree in favor of the wife cannot stand unless it appears reasonably as a fact that at the time the bill was filed the parties were actually living separate and apart.

2. HUSBAND AND WIFE, § 267*—*when evidence insufficient to establish that parties were living apart.* In an action for separate maintenance, a finding that at the time the bill was filed the parties were living separate and apart, *held* not sustained by the evidence where the record shows that at such time the parties were living in the same house, but where there is no evidence in the record tending to show that their relations were changed further than the fact that they did not occupy the same room.

3. HUSBAND AND WIFE, § 257*—*when bill for separate maintenance sufficiently alleges that parties were living apart.* In an action for separate maintenance, allegations in the bill examined and *held* sufficiently to allege that at the time the bill was filed the parties were living separate and apart, in the absence of a special demurrer to such allegations, although such facts are not clearly alleged therein.