(No. 10876.)

GREGORY T. VANMETER, Defendant in Error, *vs.* MARIE MALCHEF *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

1. EQUITY—*burden is on the party obtaining affirmative relief to preserve the evidence on which the decree is based.* In chancery cases the burden is upon the party in whose favor a decree granting affirmative relief is entered to preserve in the record the evidence upon which the decree is based, which may be done by a certificate of the evidence taken on the hearing, by the evidence reported by the master or by the facts recited in the decree.

2. SAME—*what is a mere conclusion and not a finding of fact in the decree.* A recital in the decree, by way of a finding, "that all and every of the allegations in the bill of complaint herein and the matters and things therein stated are true," is not a finding of fact but is a mere conclusion, and is not sufficient to support a decree granting affirmative relief.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

HARRY A. BIOSSAT, for plaintiffs in error.

EDWARD P. VAIL, and WILLIAM J. AMMEN, for defendant in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to review a decree of the circuit court of Cook county enjoining the plaintiffs in error, their agents, attorneys, servants and employees, from in any manner obstructing an alley embracing the south ten feet of the east seventy-nine feet of lot 17 in Ellis' East addition to the city of Chicago, and from preventing the same from being used as an alley or from in any way interfering with the free use of said alley, and authorizing the removal from said alley of any and all obstructions of any kind now in the same. The cause was heard on the bill, answer and replication thereto and evidence taken in open court. No certificate of evidence introduced on such hearing is in the record, and the only finding of fact in the decree is: "This cause coming on for final hearing upon the pleadings and proof, oral and documentary, the parties appearing personally and by their solicitors of record herein, the court finds from the evidence that all and every of the allegations of the bill of complaint herein and the matters and things therein stated are true as therein stated." The errors assigned are that the decree is not supported by any finding of fact or evidence in the record and is not authorized by law.

The principal point urged for reversal of the decree is that there is no finding of fact in the decree, and that the finding or recital therein that all and every of the allegations of the bill of complaint and the matters therein stated are true as therein stated is not such a finding of facts in the decree as will sustain the decree. It has been repeatedly

held that in chancery cases the burden is upon the party in whose favor a decree granting affirmative relief is entered to preserve the evidence in the record upon which the decree is based, which may be done either by a certificate of the evidence taken on the hearing, by the evidence taken and reported by the master in chancery or by a specific finding of the facts recited in the decree. (*Grays Lake M. E. Church* v. *Metcalf,* 245 Ill. 54; *Ohman* v. *Ohman,* 233 id. 632; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Torsell* v. *Eiffert,* 207 id. 621; *Standish* v. *Musgrove,* 223 id. 500; *Becklenberg* v. *Becklenberg,* 232 id. 120; *Timke* v. *Allen,* 225 id. 402.) It is equally well settled that a mere recital in the decree, by way of a finding, that all of the material allegations to the bill are proven and that the equities of the cause are with the complainant, is not a finding of fact, but, on the contrary, is a mere conclusion, and is not sufficient to support a decree granting affirmative relief. (See cases cited *supra.*)

Counsel for the defendant in error attempt to make a distinction between the finding of a decree that all of the material allegations of the bill, etc., have been proven, and the finding, such as that in the case at bar, "that all and every of the allegations of the bill of complaint," etc., are true as therein stated. But we think the distinction attempted to be made is immaterial, and that the finding in the case at bar is not one of fact but a conclusion as to what the facts established, and under the repeated decisions of this court is insufficient to sustain the decree entered.

For the reasons given the decree of the circuit court must be reversed and the cause remanded.

*Reversed and remanded.*