**Emma Lowe, Appellee, v. Lloyd W. Lowe, Appellant.**

## Gen. No. 6,633.

HUSBAND AND WIFE, § 217*—*when wife not entitled to separate maintenance.* A wife living in the same house with her husband, although occupying a different room and eating at a different time, is not entitled to separate maintenance.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 4, 1919.

GRANGER, DOUGHERTY & NOURIE, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

No appearance for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee filed a bill against her husband for a separate maintenance and had a decree in her favor, from which her husband prosecutes this appeal. No brief has been filed for appellee. Under our rule 21 (137 Ill. App. 628) we could have reversed the decree *pro forma* on the call of the docket, had we not concluded it proper to examine the case upon the merits.

Appellant owns a large farm in Iroquois county upon which the parties spent their early married life, and there their four children were born. When the children needed better school facilities than could there be obtained, appellant purchased a home in Kankakee City against his judgment and wishes and at his wife's insistence, and there the family lived and there the children were educated, except that many years ago they returned to the farm for one year. In the winters appellant has frequently stayed at that Kankakee home all the time. During the rest of the year he has spent two or three nights each week at his home in Kankakee and the rest of the time on the farm, which is 8 miles from the Kankakee home. Many years ago appellant committed personal violence against his wife, and she brought suit against him for that cause, and that was settled by a written agreement between them that they would live and cohabit together as husband and wife and that he would pay her $50 per month for household expenses. It is not claimed that since that time he has ever been guilty of any personal violence towards her. It turned out that $50 per month would not pay the household expenses and that arrangement was abandoned. Many years ago she inherited a farm located near his farm. For some years thereafter the husband collected the rent from his wife's farm. He then paid all the bills for the home and family. Several years later the wife

insisted upon receiving her own rent, and that was conceded to her. Thereafter she paid for most of her own clothing and for a part of the clothing of the children and for a part of her doctor's bills, and she paid the telephone and ice bills. He paid all the other expenses of the home and of heat, light, water taxes and repairs. The children have all left home, except that one married daughter is temporarily living there. They are all of age except the boy, and he has quit school and is working on a farm and has apparently been emancipated. The husband has for many years been in the habit of swearing at his wife and calling her hard names and following her about the house and quarreling with her, especially when the bills came in. He claims that she also swears at him and has constantly quarreled with him and has done very mean things to him. She denies that she used profane language to him, and she is given a guarded support by her two married daughters, who however say that she talked back to their father, and talked loud. Just before this suit was begun appellant was insisting that he would move the furniture to the farm and would either rent the Kankakee home or would sell the property and use it to pay his debts. Appellee refused to consent to this, and testified that she would not remove to the farm. Appellant and appellee have not occupied the same sleeping room for several years, but there is no proof that appellant is to blame for that. This bill was filed November 16, 1917. At that time she stayed away from their home two nights and then returned thereto. She charged in her bill that on November 13, 1917, she was compelled to abandon the defendant and has not lived with him since. The decree found, to the contrary of this, that on November 13, 1917, defendant left the complainant and that ever since that time they have lived separate and apart. The cause was tried in June, 1918, and the parties were then living just as they had lived for several years. He was paying the household expenses as be-

fore, except for her clothing and doctor's bills and the bills for telephone and ice. Though he has said he is going to move to the farm he has not yet done so. Though she testified that she will not go to the farm, still she may yield on that point.

In *Klemme v. Klemme*, 37 Ill. App. 54, the court said: "When the bill was filed the parties were living in the same house and eating at the same table, though they did not then and had not for several years prior thereto occupied the same room. Husband and wife living in that way are not living separate and apart, within the terms of the statute." In *Earle v. Earle*, 60 Ill. App. 360, the opinion shows that the parties were living together as man and wife in their home in Chicago until a certain date, when the husband went to Florida, where he had much valuable property and where he spent much of his time. She did not object to his going, nor ask him to return. He was paying the expenses of the household. An allowance to her for alimony *pendente lite* and for solicitor's fees in a suit for separate maintenance which she brought against her husband was reversed. In *Will v. Will*, 134 Ill. App. 67, an appeal from a decree granting separate maintenance, the opinion states that the wife was living in a suitable home which the husband had provided for them, and that the husband was paying all bills incurred by her. It was held that she was not living separate and apart from her husband, and the decree was reversed with directions to dismiss the bill. In *Smith v. Smith*, 156 Ill. App. 176, an action for separate maintenance, the husband, after a quarrel with his wife, left the home and went to his farm and said he would not return, but he did in fact intend to return and did return at the end of 3 days, and ever since that time, and at the time of the trial, the two were living in the same house, but occupying different rooms. The court held that the wife was not living separate and apart from her husband, and therefore the decree was reversed and the cause remanded with

directions to dismiss the bill. We concur in the views expressed in the foregoing cases. It is an indispensable requirement of the statute under which this suit is brought that the wife shall be living separate and apart from her husband without her fault. These parties are not living separate and apart. The fact that they do not occupy the same sleeping room is not sufficient to support the bill. Since this bill was filed, appellee does not go to the table when her husband is there. That is of her own volition and does not constitute a separation. This decree is not supported by our decision in *Cooper v. Cooper*, 160 Ill. App. 449. That was a separate maintenance case and the appeal was from an interlocutory order in favor of the wife for temporary alimony, suit money, and solicitor's fees. The wife was living in her husband's home and receiving a small allowance from him for household expenses, but the husband was living in California in adulterous relations with another woman and was about to return to his home, and the opinion shows that, because of those relations, it was impossible that she could remain in the home when the husband returned. Whether appellee here is required by law to remove to the farm if her husband removes there, and whether, if she refuses to go, she can then maintain a suit for separate maintenance, are questions which cannot properly be decided until that situation actually arises.

The decree is reversed and the cause is remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*