(No. 14055.—Reversed and remanded.)

JANE WATERS FRENCH, Defendant in Error, *vs.* LOUIS C. FRENCH, Plaintiff in Error.

Opinion filed February 22, 1922.

1. PRACTICE—*to support decree the evidence must be preserved or there must be a recital of facts.* In a chancery case, except where a jury trial is a matter of right, in order to sustain the decree in a reviewing court, the evidence must be preserved in the record or the decree must contain a recital of ultimate facts sufficient to sustain it.

2. SAME—*what is not a sufficient finding of facts to support decree.* The mere recital in a decree that the allegations of the bill are proved and that the equities of the cause are with the complainant is not a finding of facts sufficient to support the decree but is a mere conclusion; and a finding that the court has jurisdiction of the subject matter of the cause is also a mere conclusion and is not a sufficient finding of jurisdictional facts.

3. SAME—*the rule requiring preservation of evidence or recital of facts does not apply to admitted facts.* The rule requiring the preservation of evidence in a chancery case or a recital of ultimate facts in the decree in order to sustain it in a reviewing court does not apply to any facts alleged in the bill that are admitted by the defendant in his answer.

4. SEPARATE MAINTENANCE—*when the complainant must prove amount of her property and that of her husband.* If the defendant to a bill for separate maintenance denies the allegation in the bill that the complainant is without means of support except by her own efforts the complainant must prove the allegation or the amount of her property and the amount of which her husband is possessed.

5. SAME—*complainant must prove she is compelled to live apart from husband without her fault.* A complainant in a bill for separate maintenance who alleges acts of misconduct by the defendant which compelled her to live separate and apart from him must prove such allegations, or so much of them as will enable the court, if the case is tried without a jury, to draw the legal conclusion that she is living apart from her husband without her fault.

6. SAME—*a finding that complainant is living apart from husband without her fault is a mere conclusion.* A finding in a decree for separate maintenance that the complainant is living separate and apart from her husband without her fault is a mere conclusion and is not of itself a finding of an ultimate fact which will support the decree.

7. SAME—*when wife is justified in living apart from husband.* If the husband pursues a persistent, unjustifiable and wrongful course of conduct toward his wife which necessarily renders her life miserable and living with him as his wife unendurable she is not bound to live with him, and living separate and apart from him under such circumstances is without her fault within the meaning of the statute.

8. SAME—*conduct of the husband compelling wife to live apart amounts to desertion on his part.* If the husband voluntarily does that which compels the wife to leave him or justifies her in so doing the inference may be justly drawn that he intended to produce that result, and in such case her leaving him will be desertion on his part and not on the part of the wife.

9. SAME—*when an agreement for separate maintenance is not against public policy.* An agreement between husband and wife providing that they shall live apart and that he will pay her a certain sum each month for her support is not void as against public policy, where it was made under circumstances which entitled her to live separate and apart from him and to have separate maintenance, and if the husband refuses to make payments under the contract the wife may bring suit for separate maintenance.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiff in error.

JOHN A. ROSE, and THOMAS J. SYMMES, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Jane Waters French, (hereinafter called complainant,) filed her bill of complaint in the superior court of Cook county against plaintiff in error, Louis C. French, (hereinafter referred to as defendant,) praying for a decree for separate maintenance. The defendant filed an answer to the bill and a cross-bill praying for a decree of divorce from complainant. There was an answer to the

cross-bill and replications to each of the answers. The court on a hearing dismissed defendant's cross-bill for divorce and on her bill awarded to complainant separate maintenance. The defendant sued out a writ of error from the Appellate Court for the First District, and that court affirmed the decree in all respects. A petition for a writ of *certiorari* was allowed by this court.

A jury was waived by the parties and the issues on the cross-bill for divorce were tried by the court without a jury. The evidence was all oral before the court and has not been preserved in the record by a certificate of evidence or otherwise. It was urged by the defendant in the Appellate Court that the decree of the superior court of Cook county cannot stand for want of a sufficient finding of facts to sustain it, and that is the sole contention of the defendant in this court.

The allegations in complainant's bill for separate maintenance were the following, in substance: She was married to the defendant January 10, 1906, and continued to live and cohabit with him as his wife from the time of the marriage until February 26, 1917, when she was compelled to leave him and to live separate and apart from him for the causes hereinafter set forth. Since the latter date she has lived separate and apart from him and has not cohabited with him. There was born of the marriage a child, John Waters French, who was twelve years of age when the bill was filed and has been under her care and custody. She has at all times and under all circumstances conducted herself toward the defendant as a true, kind and affectionate wife. The defendant, wholly disregarding his marriage duties and obligations, at divers times and on many occasions has used vile, abusive and improper language toward her in the presence of third persons, and said in the presence of their child, in answer to a question by her, that he had lost his affection for her and was deeply in love with a certain other married woman, naming her. For a long time prior to the separation the defendant kept himself apart from her and

refused and neglected to perform the usual marital obligations and duties toward her. With a view of further humiliating her he instructed various tradespeople with whom she maintained trade relations on a credit basis to discontinue their accounts and dealings with her. While living with her he violated his marriage duties and obligations in the grossest and most flagrant manner by associating on terms of intimacy and frequently visiting the said married woman at her apartment. Such visits were of almost daily and nightly occurrence while he was living with complainant as her husband and were equally frequent after their separation, so as to attract not only the attention of complainant but the attention of her various friends and acquaintances. Such attentions were of a most affectionate and devoted nature and were so open, notorious and reckless as to become a public scandal. The defendant refused to give up his unlawful and immoral friendship with the other woman although frequently begged to do so by complainant, all of which alleged misconduct towards her by the defendant, as aforesaid, caused her great mental anguish and distress and great humiliation and made her married life miserable and unbearable. Complainant and her child at the time of filing the bill were occupying one small room in the city of Chicago while the defendant was living at the Edgewater Beach Hotel, in Chicago, and she has no means of support outside of her own efforts. Defendant is a practicing physician and surgeon, and she is informed and believes, and charges on such information and belief, that he is seized and possessed of real and personal estate of considerable value, of the exact value whereof she is not informed, and that as a physician and surgeon he has an income of from $15,000 to $20,000 a year, as she is informed and verily believes. She further charged that on February 26, 1917, the day on which defendant left her and ceased to live with her as his wife, he and she entered into an agreement relative to their living separate and apart, un-

der which he agreed to pay her so long as they should live separate and apart, $175 per month, payable on the first day of each and every calendar month, for the maintenance and support of herself and her son, but notwithstanding the execution of the agreement he has failed to carry out the same and has paid her nothing under the agreement since August, 1919, except the sum of $250. The bill of complaint was filed February 17, 1920.

In his answer to the bill the defendant admitted that he was married to the complainant January 10, 1906, but denied that she was compelled to leave him and live separate and apart from him for any cause whatever. He admitted the birth of a child to them and that his age is about twelve years, and that since their separation he has been in her care and custody, and alleged that he has at various times seen and cared for his son and has provided him with clothing and has paid his bills for clothing. He denied that the complainant conducted herself as a kind, true and affectionate wife, and alleged that she was of an excessively jealous and quarrelsome disposition and constantly accused him most unjustly of illicit intercourse with various women, and particularly with the woman mentioned in her bill. He alleged that his practice and income had decreased after their separation owing to the conduct of the complainant in printing or causing to be printed articles in various newspapers in regard to and derogatory of him, and in attempting to have him ejected from the Edgewater Beach Hotel, where he resided. He alleged that on February 26, 1917, finding it impossible to live with his nagging and insulting wife, he and she entered into an agreement to live separate and apart, and on that occasion he turned over to her all of the household furniture of every description and certain other personal property, including five shares of the capital stock of the Montgomery Ward Company of the par value of $100, and that she acquired and held title by conveyance

from him, in fee simple, to the real estate in her bill of complaint set forth, which was of the value of $16,000, upon which there was an incumbrance of approximately $5000. By the contract he agreed to, and did, pay to her the sum of $175 on the first of each and every month, and $25 thereof was to be paid monthly upon the mortgage on the real estate; that about July, 1919, she sold the real estate subject to the incumbrance, and that in the month after the sale he sent her a check for $150, which she refused to accept. He denied that she is without means of support outside of her own efforts, and states that while it is true he is living at the Edgewater Beach Hotel, it is through no fault of her that he is still residing there. He denied that he owns any real or personal estate of great value, and denied that his income is from $15,000 to $20,000, but stated that his income is less than $7000 per annum, and that it has been greatly decreased by complainant's conduct and actions toward him. In the cross-bill he alleges that he is a resident of the county of Cook and State of Illinois.

In the decree the findings of the court are, that the allegations in the original bill are true as therein stated and that the allegations in the cross-bill are not true, and that the equities of the cause on both the original bill and the cross-bill are with the complainant; that the complainant is living separate and apart from the defendant without her fault and that she is entitled to separate maintenance from him; that a reasonable amount for such maintenance is $175 a month for the first six months, beginning July 1, 1920, and after the expiration of that period such reasonable amount is the sum of $200 a month; that the complainant's reasonable solicitor's fees are the sum of $600, and that such fees should be paid by the defendant; that the complainant is a fit and proper person to have the care, custody and control of the child, subject to the right of the defendant to see him at all reasonable times, day and night, and to visit him at all reasonable times, and that it is for

the best interest of the child that he remain in her care, custody and control, subject to the rights of defendant; that the reasonable expenses of trial incurred by complainant in prosecuting and defending this case is $250.15, which defendant should pay. Then follow orders for separate maintenance, for the custody of the child, and for the payment of the sums aforesaid and the costs of the suit by the defendant, the custody of the child being made subject to the defendant's rights as found by the court.

In this State the rule prevails that no presumption can be indulged in a chancery case that the evidence is sufficient to sustain the decree therein unless it appears in the record, except in that class of cases wherein a jury trial is a matter of right. In order to support such a decree the specific facts proved on the hearing must be found in the decree or preserved by a certificate of the evidence where the evidence is oral testimony taken before the court under our statute allowing oral testimony in chancery cases. It is also now the settled rule under that statute that a recital of the ultimate facts in the decree as proved is sufficient to sustain the decree, and if that is done the evidence. need not be otherwise preserved. (*Rybakowicz* v. *Rybakowicz,* 290 Ill. 550.) It is equally well settled that a mere recital in the decree, by way of a finding, that all the material allegations of the bill are proven and that the equities of the cause are with the complainant is not a finding of facts but is a mere conclusion, and is not sufficient to support a decree granting affirmative relief. (*VanMeter* v. *Malchef,* 276 Ill. 451.) This same rule applies to jurisdictional facts which are necessary to be established to give the court jurisdiction of the subject matter or of the class of suits to which the particular suit belongs, and a finding in the decree that the court has jurisdiction of the subject matter of the cause is a mere conclusion and is not a sufficient finding of the jurisdictional facts in such a case. (*Becklenberg* v. *Becklenberg,* 232 Ill. 120; *Village of Harlem* v. *Suburban Rail-*

*road Co.* 202 id. 301.)   It is to be further stated that the foregoing rules do not apply to any facts alleged in the bill that are admitted by the defendant in his answer.   A fact admitted by an answer is an established fact in the case and no proof thereon is required.

It will be observed that the answer of the defendant admitted a number of facts that the complainant was required to prove by her bill had such facts not been admitted.   The facts admitted include the jurisdictional fact that the defendant resided in Cook county.   This fact was also stated in the cross-bill.   The defendant's answer also admitted the marriage of the parties and that they were living separate and apart, as well as the birth of the child and its custody. It denied that complainant was without means of support except by her own efforts.   It charged that she had, or did have, real estate but had sold the same, and also that she had personal property.   It therefore devolved upon her to prove that she was without means of support except by her own efforts, or to prove the amount of property of which she was possessed and also the amount of property of which he was possessed, as these questions affected the question as to what amount of separate maintenance she was entitled to receive, if any.   (*Decker* v. *Decker,* 279 Ill. 300.) Defendant denied having the real estate and personal property that she charged him with having and stated that his income was less than $7000.   The finding in the decree that complainant was living separate and apart from her husband without her fault amounts to a mere finding that they were living separate and apart.   He was not bound by the finding that such living separate and apart was without her fault, as that is a mere conclusion and not the finding of any ultimate fact, as claimed by her.   If the statement or finding that she was living separate and apart from her husband is a sufficient finding that it was without her fault, it would have been sufficient to have made such allegation in her bill without charging any further facts tending to

show that such living separate and apart was without her fault. She did not even make that charge in her bill in that language, but in addition to the charge that she was living separate and apart from him she charged a number of facts or acts of misconduct by defendant toward her which compelled her to live separate and apart from him and caused her to be miserable and made her married life unbearable, and she charged that she was at all times a kind and indulgent wife to him, etc. These were the allegations of fact that she was required to prove, or so much of them as would enable the court to draw the legal conclusion that such living separate and apart from her husband was without her fault. The findings of the court do not recite the finding of any of those facts at all, and therefore the finding that it was without her fault is a mere conclusion and not an ultimate fact. The finding in the decree that she was entitled to separate maintenance is for the same reason a mere conclusion. In fine, for these reasons none of the findings of the court support the conclusion that it was without her fault that she was living separate and apart from her husband. Our conclusion is supported by the case of *Berg* v. *Berg,* 223 Ill. 209, which is a case very similar to this in principle, and also by *Ruppe* v. *Glos,* 243 id. 414.

It is also argued by plaintiff in error that if the allegations of complainant's bill had all been proved, or if all the facts that are charged in the bill had been found by the court and recited in the decree, complainant would not be entitled to a decree of separate maintenance. This contention is made upon the supposition that her bill was insufficient to sustain her cause of action. Such contention can not be sustained. It is true that incompatibility of disposition, slight moral obliquities, occasional ebullitions of passion or trivial difficulties will not justify separation, but where the husband pursues a persistent, unjustifiable and wrongful course of conduct toward his wife which will necessarily and inevitably render her life miserable and living

with him as his wife unendurable, she is not bound to live
and cohabit with him as her husband, and living separate
and apart from him under such circumstances is without her
fault within the meaning of the statute. She has made sub-
stantially such charges in this bill, and specifically charges
acts that naturally tend to make any dutiful and loving
wife most miserable and life with her husband unendur-
able. (*Johnson* v. *Johnson*, 125 Ill. 510.) It is said in the
case cited, that if the husband voluntarily does that which
compels the wife to leave him or justifies her in so doing,
the inference may be justly drawn that he intended to pro-
duce that result, on the familiar principle that sane men
usually mean to produce those results which naturally and
legitimately flow from their actions, and that if he so in-
tended, her leaving him would be desertion on his part and
not on the part of the wife. The conduct alleged by the
complainant in her bill which she charges compelled her to
leave defendant and that made her life miserable and un-
endurable took place during a long period before the sepa-
ration and during an equally long period thereafter. Her
bill, if proved, would entitle her to a decree for separate
maintenance.

We do not think the agreement entered into between the
parties for separate maintenance comes within the rule that
makes such agreements void as against public policy, or that
the same bars recovery in this case by complainant. It was
made at a time, according to the charges in her bill, when
she had a right to live separate and apart from him and at
a time when she was entitled to separate maintenance, and
when he refused to longer carry out the contract she had
a legal right to bring and maintain this suit for separate
maintenance.

Plaintiff in error has disclaimed any right or intention
to attack the decree rendered on the cross-bill and only in-
sists on the reversal of the decree on the original bill re-
garding separate maintenance, on the grounds that the re-

citals in the decree are not sufficient to sustain it and that the evidence is not preserved in the record. We have therefore limited this opinion to the questions raised by him.

For the reasons aforesaid the decrees of the Appellate Court and of the superior court are both reversed and the cause is remanded to the superior court of Cook county.

*Reversed and remanded.*