## Hattie Boucek, Defendant in Error, v. Frank Boucek, Plaintiff in Error.

### Gen. No. 27,896.

HUSBAND AND WIFE—*actual separation by wife without fault as condition to separate maintenance.* A decree awarding the wife separate maintenance is reversible where it contains no finding that the wife is living separate and apart from her husband without her fault, notwithstanding findings of acts of cruelty by the husband justifying her in living separate; and allegations of the husband's cross-bill, following a denial in the answer of any separation, that the wife twice separated from the husband cannot be construed as admissions that she is living separate and apart from the husband where it is also alleged in the cross-bill that on each occasion she returned to the family home, where she remains.

Error by defendant to the Circuit Court of Cook county; the

Hon. IRA RYNER, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed February 19, 1923.

JOSEPH J. KROUPA, for plaintiff in error.

FRANK M. PADDEN, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this writ of error defendant seeks the reversal of a decree against him in a separate maintenance proceeding. The evidence is not preserved by a bill of exceptions, and it is contended that the decree contains no findings of fact justifying the relief granted to complainant.

No presumption can be indulged in a chancery case that the evidence is sufficient to sustain the decree unless it appears in the record, except where the parties are entitled to a jury trial. If the decree contains the ultimate facts proven the evidence need not otherwise be preserved, but it is not sufficient for the decree to recite merely that all the allegations are proven, as this is a mere conclusion. It is not necessary to prove or find any facts that are alleged in the bill and admitted by the answer. See *French v. French,* 302 Ill. 152, 158, where the rules are more fully stated.

Defendant contends that the decree is reversible because it contains no finding that the complainant is living separate and apart from her husband without her fault, which is a necessary condition to relief under the statute on Separate Maintenance, ch. 68, ¶ 22 [Cahill's Ill. St. ch. 68, ¶ 22]. Plaintiff alleged in her bill that defendant was guilty of extreme and repeated cruelty to her which continued until she finally separated from him February 1, 1921. The decree contains sufficient findings as to the acts of cruelty which would have justified complainant in leaving her husband and living separate and apart from him, but

the decree contains no finding that she did so; so that, so far as the decree shows to the contrary, complainant may have continued to live with her husband in spite of his cruelty.

Complainant invokes the rule that allegations of fact admitted by the answer need not be proven. The bill does not charge that complainant left defendant without fault on her part. Defendant's answer denies that they separated on February 1, 1921, and denies that they had ever separated. In the cross-bill filed by defendant he admits that complainant left him February 1, 1921, and complainant argues that this is an admission of the essential fact and hence need not be proven. The cross-bill alleges that complainant, on February 1, 1921, "left your orator and remained away from her home until the 5th day of February, A. D. 1921, and that again, on, to wit, the 1st day of April, 1921, she again left your orator and again returned on, to wit, the 2nd day of June, 1921"; that since her last return complainant has been occupying their home. These allegations cannot be construed as an admission of the statutory condition that the complainant, without her fault, is living separate and apart from her husband.

Among the cases supporting our conclusion that the decree must be reversed, for the reason that the facts before us are not sufficient to sustain the decree in the reviewing court, are *Berg v. Berg,* 223 Ill. 209; *Becklenberg v. Becklenberg,* 232 Ill. 120; *French v. French,* 302 Ill. 152; *Rathmann v. Rathmann,* 196 Ill. App. 20; *Klemme v. Klemme,* 37 Ill. App. 54; *Lowe v. Lowe,* 213 Ill. App. 607.

If the necessary facts were proven, counsel for complainant should have been very careful to have incorporated such facts definitely in the decree; this has not been done, and we are compelled to reverse and remand.

*Reversed and remanded.*

DEVER and MATCHETT, JJ., concur.