Isabel Lyman, Appellant, v. George R. Lyman, Appellee.

Gen. No. 35,744.

 Heard in the third division of this court for the first district at the February term, 1932. 
 Opinion filed November 16, 1932. Rehearing denied December 1, 1932.

JOHN A. NASH and HARRY S. HARNED, for appellant.

KNAPP, BEYE, ALLEN, COCHRAN & CUSHING, for appellee; PAUL R. CONAGHAN, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Action for the payment of instalments due under a separation agreement entered into between the plaintiff and the defendant on July 14, 1925. The agreement recites that it was entered into in the State of New York and that the parties to the agreement are husband and wife; that they were married April 30, 1907, at Philadelphia, Pennsylvania, and at the time of the agreement were living separate and apart; that upon the signing of the agreement neither shall molest or disturb the other, and their manner of living shall not be ground for legal action on the part of either; that the wife relinquishes her right of dower so long as the husband performs his part of the agreement; that in consideration of the agreement the husband shall pay the sum of $150 per month to the wife for her support; that in the event the wife should thereafter obtain a divorce and remarry, all payments under the agreement to cease upon her remarriage.

Plaintiff introduced evidence in support of her contention that certain instalments under the agreement

were due and unpaid. At the end of the plaintiff's evidence the court directed the jury to return a verdict in favor of the defendant. During the course of the plaintiff's testimony she was handed a document which purported to be a certified copy of a decree of divorce obtained by her against her husband on October 20, 1927, in Montgomery county, Pennsylvania. She was asked whether she had obtained such a decree, to which she replied in the affirmative. Thereupon the document was offered by the defendant and received in evidence. This was error. It was admissible only upon the presentation of defendant's case. It was proper to have it identified for the purpose of making it admissible, but it was not proper to present or receive the document in evidence until offered by the defendant at the proper time. We do not consider, however, that the decree affects the rights of the plaintiff. It was a default decree and contains no provision for alimony, nor does it subject the defendant to the payment of any moneys to the wife. The separation agreement itself was valid and not contrary to public policy. It was entered into according to its terms after the parties had separated and were living apart. It contained a provision under which the husband was obligated to support the wife and the courts have recognized the right of a husband and wife to enter into an agreement to live separate and apart, provided provision is made for the wife's support in the agreement. *Galusha v. Galusha,* 116 N. Y. 635; *Hirschthal v. Hirschthal,* 134 N. Y. Misc. 479; *French v. French,* 302 Ill. 152; *Patterson v. Patterson,* 111 Ill. App. 342; *Van Koten v. Van Koten,* 323 Ill. 323.

The agreement contemplated that either party might thereafter obtain a divorce, if just cause arose, but this did not vitiate the agreement, nor would the obtaining of a decree by the wife amount to a waiver of her right to support under the agreement. The

parties themselves by their agreement contemplated such a possibility, and provided that in the event the wife should thereafter remarry, then, and then only, the payments should cease. The obtaining of the divorce did not terminate the agreement, inasmuch as no provision was made in the decree for support. If a provision for alimony had been made, it may be that the separation agreement would have become merged in the decree. *Galusha v. Galusha,* 116 N. Y. 635; *Hirschthal v. Hirschthal,* 134 N. Y. Misc. 479; *Patterson v. Patterson,* 111 Ill. App. 342.

We see nothing in the agreement contrary to the policy of this State nor the State of New York, where the contract was entered into.

The case of *Lyons v. Schanbacher,* 316 Ill. 569, hinged upon the proposition that no obligation was created whereby the husband should support the wife. *White v. White,* 266 Ill. App. 210, is not in point. We agree with the rule that the husband cannot by contract relieve himself of a liability created by law whereby he is obligated to support his wife. In the case at bar, however, it appears from the agreement on which this action is predicated that the husband did obligate himself to support the wife and is, therefore, distinguishable from the class of cases cited by the defendant.

The court erred in instructing the jury to find the issues in favor of the defendant at the close of plaintiff's case.

For the reasons stated in this opinion, the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, J., concurs.

HALL, J., not participating.