HAWLEY v. HAWLEY.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. DIVORCE—SEPARATION—ALIMONY—COUNSEL FEES.

Since a husband's obligation to support his wife inheres in the marital relation, she is entitled to alimony and counsel fees pending an action for separation, unless the husband is relieved therefrom by agreement with the wife through a trustee, or by some act of misconduct on her part.

2. SAME—PETITION—IRRELEVANT AND SCANDALOUS MATTER.

Where a wife's petition for alimony and counsel fees pending an action for separation contained sufficient allegations to entitle her to such relief, her right thereto was not impaired by the fact that the application contained a mass of irrelevant and scandalous matter.

Appeal from Special Term, New York County.

Action by Sarah M. Hawley against Walter L. Hawley. From an order denying a motion for alimony and counsel fees pending an action for separation, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Raphael J. Moses, for appellant.
Job E. Hedges, for respondent.

PER CURIAM. The obligation to support the wife inheres in the marital relation, and she is entitled to such support pending an action for separation, unless the husband be clearly relieved therefrom, either by agreement with the wife through a trustee, or by some act of misconduct on her part which operates to deprive her of the right. In the present case the petition upon which the application is based, verified by the wife, makes out a case which entitled her to an award

¶ 1. See Divorce, vol. 17, Cent. Dig. §§ 605, 642.

of alimony, unless the same was completely overthrown by the opposing papers. The fact that plaintiff's attorney has chosen to lug in and connect with his application a mass of irrelevant and scandalous matter does not operate to destroy the averments of the petition. It may be that the plaintiff will be defeated in her action, but the court should not try or determine such question upon affidavits. Kennedy v. Kennedy, 73 N. Y. 369. As the obligation in this case rests upon the husband to support the wife, and as the averments of her petition show that she has not forfeited that right, it was incumbent upon the court to make some provision therefor.

We think the order should, therefore, be reversed, and the alimony be fixed at $6 per week, payment to begin with the date of the entry of the order. No counsel fees and no costs of this appeal are allowed to either party.