[No. 12443.   Department Two.   October 8, 1915.]

MAUDE ROBINSON, *Respondent*, v. HUBBELL C. ROBINSON, *Appellant*.[1]

HUSBAND AND WIFE—SEPARATE MAINTENANCE—ALIMONY AND SUIT MONEY—ALLOWANCE. Temporary alimony and suit money may, in the discretion of the court, where the necessity exists, be granted in an action by a wife for separate maintenance, where the marriage is admitted, notwithstanding the husband pleads in defense a separation agreement whereby the wife released him from all claims to support or to property rights.

Appeal from an order of the superior court for King county, Frater, J., entered July 3, 1914, in favor of the plaintiff, granting alimony and suit money pending an action for separate maintenance.   Affirmed.

*McClure & McClure* and *Walter S. Osborn*, for appellant.

*Hall & Cosgrove*, for respondent.

PER CURIAM.—The appellant, Hubbell C. Robinson, and the respondent, Maude Robinson, are husband and wife, having been married in California on August 31, 1912.   In June, 1914, the respondent commenced an action in the superior court for King county, where both parties then resided, seeking a decree awarding her separate maintenance, attorney's fees and costs, and an order to protect her in enforcing the decree.   On June 19, the court, upon motion of the respondent, entered an order directing the appellant to appear

[1]Reported in 151 Pac. 1128.

and show cause why he should not pay to the respondent such sum as the court should deem reasonable for temporary attorney's fees, temporary alimony, and temporary suit money. The appellant moved to quash this show cause order, basing the motion on his affidavit attached, wherein he set out a "mutual agreement and property settlement" executed by the parties in California, by which each released the other from all marital obligations and duties. This motion was denied by the trial court, and an order entered requiring the appellant to pay $25 per month temporary alimony, and $50 suit money. From this order, Hubbell C. Robinson has appealed.

This appeal presents the single question of whether a superior court of this state may, in an action by a wife against her husband for separate maintenance, grant to the wife alimony and suit money *pendente lite*, when the husband, in defense of the application, relies upon an agreement entered into between himself and wife by which she agrees to release him from all claim to support and to his separate property and the property of the community.

The appellant argues that the situation presented is analogous to one where the fact of the marriage is denied, in which cases we have adopted the doctrine that alimony pending the determination of the action cannot be granted. *State ex rel. Lloyd v. Superior Court*, 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N. S.) 387. In those cases, he argues, the husband alleges the existence of a condition—lack of the marriage relation, which, if proven by him, negatives any liability on his part to contribute to the support of the plaintiff, while in this action he sets up facts which, if proved, release him from any liability; so that in either case, if he can maintain his defense in the principal action, his nonliability is established, which nonliability dates back to the institution of the action. Logically, then, he should not be compelled to support the plaintiff while prosecuting an action against him, when the foundation of her right to institute the action is denied.

But it seems to us that there is a fundamental distinction between the two situations. The right of a wife to maintain an action for separate maintenance, established in this state by the case of *Kimble v. Kimble*, 17 Wash. 75, 49 Pac. 216, and the incidental right to alimony *pendente lite* (*State ex rel. Young v. Superior Court*, 85 Wash. 72, 147 Pac. 436), are founded on the duty of the husband to support his wife, and the collateral duty to enable her to determine her legal rights in the courts should conditions arise making it imperative for her to resort thereto. The duty to support the wife and the incidental obligation to allow her the means to have her right to support adjudicated inhere in the marital relation. Clearly, where the marital relation did not exist, the duty could not arise, and the courts are justified in denying support to the plaintiff until that fact is established. But in this case the marriage is admitted, and the allowance made by the court is for the maintenance of the wife pending a suit which is to determine whether this duty of the husband to contribute to her support continues. The sole object of the order is to furnish the wife with means to show that the defense relied upon by the husband is invalid.

The court has not, as asserted by the appellant, passed upon the validity of his defense in this ancillary proceeding, but has only enabled the respondent to have the validity of that defense determined. The situation is analogous to any suit for separate maintenance in which the husband has a sufficient defense to the action by his wife. In any such action, where suit mony or temporary alimony has been allowed the wife and final judgment is given to the husband, the husband has been compelled to furnish the wife with means to prosecute an unmeritorious action. The nature of the husband's defense to the principal action is of no concern to the court in passing upon the application for temporary alimony and suit money, as he cannot determine its validity prior to the trial of the principal action. The admission of the marriage relation establishes the husband's duty to provide

the wife with funds to enable her to have her rights determined, and the court, having found that the necessity exists, may, in the exercise of his discretion, make any reasonable allowance for that purpose.

It remains but to ascertain whether our conclusion is supported by authority as well as reason. The principal authorities cited by the appellant are cases where the fact of marriage was in issue. We have shown them to be inapplicable. *Curtis v. Curtis*, 29 Misc. Rep. 257, 61 N. Y. Supp. 59, was not an application for alimony *pendente lite*. The court there, in the principal action, denied alimony and attorney's fee, just as the court in this case may upon final determination deny separate maintenance and attorney's fee, if the facts do not warrant that decree. In *Grube v. Grube*, 65 App. Div. 239, 72 N. Y. Supp. 529, a valid separation agreement was in force. The allowance was not sought for the purpose of contesting its validity. The question here involved does not appear to have been often before the courts; but the few decisions we have found bear us out in our conclusion, the tendency being altogether in support of the reasons advanced in this opinion. *Hawley v. Hawley*, 95 App. Div. 274, 88 N. Y. Supp. 606; *Carroll v. Carroll*, 68 Mo. App. 190.

Judgment affirmed.