AGNES M. BRADFORD *vs.* WILLIAM C. BRADFORD.

Plymouth.     November 10, 1936. — December 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Marriage and Divorce*, Separate maintenance, Cruel and abusive treatment. *Contract*, Separation agreement. *Husband and Wife.*

A separation agreement, validly entered into by a husband and a wife through a trustee but later repudiated by the husband by filing a divorce libel and not making payments required by its provisions, was not as a matter of law a bar to a subsequent petition by the wife for separate maintenance, and was properly considered by the trial judge as one of the facts in the case.

Evidence, that a husband, with no excuse due to conduct on his wife's part, seriously affected her health by doing for a year or more all he could without resort to physical violence to force her to leave home, and by knowingly filing a baseless libel for divorce three years after she had left, warranted a finding of such cruel and abusive treatment on his part as supported a conclusion that she was living apart from him for justifiable cause under G. L. (Ter. Ed.) c. 209, § 32.

PETITION for separate maintenance, filed in the Probate Court for the county of Plymouth on January 24, 1936.

The petition was heard by *Poland*, J., and a decree was entered for the petitioner. The respondent appealed.

The case was submitted on briefs.

*E. J. Campbell*, for the respondent.

*E. G. Townes*, for the petitioner.

QUA, J. This is a petition for separate support under G. L. (Ter. Ed.) c. 209, § 32, alleging that the petitioner is living apart from her husband and specifying cruel and abusive treatment as the "justifiable cause." See *Farrell* v. *Farrell*, 262 Mass. 209. The evidence is not reported. The judge made findings of material facts upon which the decree is based.

The judge found that in 1932 the parties, through a trustee, entered into a valid separation agreement wherein it is recited that they had agreed to live apart and wherein the respondent agreed to pay the trustee $15 per week for the support of the petitioner and their minor daughter and the petitioner agreed to accept such payments in full settlement of any and all claims for support and maintenance. Thereafter the parties lived apart. In 1935 the respondent was in arrears in his payments. He notified the petitioner that he would reduce the payments to $7 per week and he has since paid at the reduced rate. He filed a libel for divorce against the petitioner charging desertion on the date of the separation agreement and later, at the time of the hearing of this cause, he asked that his libel be dismissed. The judge ruled that the separation agreement by implication was based upon the continuance of the marriage status. *Kerr* v. *Kerr*, 236 Mass. 353, 355. He found that when the respondent filed his libel for divorce and refused to continue payments according to the agreement, "he repudiated the agreement and ought not now to be allowed to revive it as a bar to his wife's petition." The judge further ruled that the separation agreement was not a bar to this petition, but he stated that he had considered it as a part of the evidence in passing on the merits of the case.

In *Wilson* v. *Caswell*, 272 Mass. 297, this court, upon full consideration of the precedents, held that a separation

agreement did not take away the power of the trial court to proceed in the exercise of the jurisdiction conferred upon it by statute, although such an agreement in connection with other circumstances proved might furnish a reason for refusing relief. It was there said, at page 302: "Husband and wife cannot by contract deprive the Probate Court of jurisdiction . . . or of power to consider their relation in connection with their contract and all other facts material to the issues properly before it in providing for the maintenance of wife or minor children, although the exercise of its jurisdiction may change in some respects their situation as contemplated by the contract." This language applies to the present petition. The judge gave to the broken agreement all the consideration to which it was entitled when he took it into account as one of the facts in the case. See also *Kerr* v. *Kerr*, 236 Mass. 353, 356; *Oakes* v. *Oakes*, 266 Mass. 150, 152; *French* v. *McAnarney*, 290 Mass. 544, 548; *Hyman* v. *Hyman*, [1929] A. C. 601.

The findings show a sufficiently deliberate disregard by the respondent of the petitioner's rights and sensibilities to justify her in living apart from him. With no excuse due to conduct on her part, he told her in rough language to "get . . . out." He threatened to put her out of the house and repeatedly told her and their daughter that they would have to get out. For a year or more he did all that he could without resorting to physical violence to force the petitioner to leave her home. His insistent and continuous pressure finally brought the petitioner to consent to the separation. In his divorce libel the respondent knowingly made a false charge of desertion against the petitioner in the hope that she would not contest the suit. His attempts to rid himself of the petitioner have caused injury to her nervous system and have destroyed her peace of mind. His interest in another woman is in part the reason for his desire to get rid of his wife. Enough of the findings have been stated to show that although they might not support a libel for divorce on the ground of cruel and abusive treatment, they are adequate to sustain the specification in a petition of

this kind. *Turner* v. *Turner*, 234 Mass. 37. *Burke* v. *Burke*, 270 Mass. 449. Compare *Goldberg* v. *Goldberg*, 237 Mass. 279; *Murray* v. *Murray*, 255 Mass. 19.

*Decree affirmed.*