## DAVIS, Plaintiff-Appellant, v. DAVIS, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1747. Decided March 22, 1943.

T. L. Barger, Dayton, for plaintiff-appellant.
Boesch & Boesch, Dayton, for defendant-appellee.

### OPINION

By GEIGER, J.

Plaintiff-appellant filed a petition in the court below seeking a divorce from the defendant-appellee on the ground of wilful absence. The defendant filed an answer in the nature of a general denial; and also a motion for an allowance of alimony pendente lite and for counsel fees for the defense of the action. The court upon hearing of said motion sustained the same, and found that

the defendant is entitled to the sum of $75.00 for expenses incident to the action. From this order of the court an appeal is prosecuted to this court.

The assignments of error are included in four paragraphs, the first and second being that the judgment is contrary to law and the evidence. The third is error alleged in entering judgment against the appellant when a valid contract of separation between said parties was in full force and effect, and judicially determined. so to be by a court of competent jurisdiction. The fourth assignment is for other errors apparent on the record.

A bill of exceptions is filed, disclosing the fact that the plaintiff and defendant had lived together for a period of seven months as man and wife and have been separated four years.

In 1940 the plaintiff filed a proceeding for divorce against his wife after the defendant had filed an action against the plaintiff for alimony, which was never prosecuted to a final judgment. The plaintiff's divorce case was heard in 1942 and his prayer was denied, but the court confirmed as valid a contract of separation between the parties. The entry finds that the plaintiff is not entitled to a divorce, "that the contract of separation formerly entered into between said parties adjusting and settling all claims for alimony and property rights of every kind between said parties is valid  *  *  * and that the contract of separation between said parties be and the same is hereby approved and confirmed."

Section 7999 GC provides that a husband or wife may enter into contracts. Section 8000 GC provides that a husband and wife cannot by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provision for the support of either of them and their children during the separation.

The motion for alimony pendente lite and expenses was heard and during the hearing the contract between the parties was introduced in evidence. It witnesses "that said parties having agreed to live separate and apart, and desiring to adjust all property rights and all claims for alimony, it is hereby agreed," etc. "It is further agreed that this settlement of the terms stipulated is in full payment of all alimony claim or claims whatsoever."

The complaint of the plaintiff-appellant is to the effect that in view of this contract existing between them, which the court holds to be valid and subsisting, the court was without authority to make the order granting to the defendant alimony pendente lite.

Section 11994 GC provides that the court may grant alimony to either of the parties for his or her sustenance and expenses during the suit.

The case of **Drach v. Drach, 17 Oh. Ap., 299,** holds:

"An allowance for legal expenses in a divorce and alimony proceeding is within the discretion of the trial court, and in the

absence of an abuse of discretion the action of the court upon the motion for such an order will not be reviewed on error."

There is no claim made that there was an abuse of discretion and it is doubtful whether the order in reference to the allowance of alimony pendente lite under the section quoted is such a final order as may be reviewed by this court.

However, there being no reply brief by counsel for appellee, we pass the question as to its not being a final order and give consideration to the question whether the court erred in granting alimony pendente lite to the wife in view of the contract existing between them, which appears in the bill of exceptions.

Section 8000 GC, which authorizes this contract, states that the husband and wife can not contract to alter their legal relations except that they may agree to immediate separation, and "make provisions for the support of either of them and their children during the separation". The contract provided "that this settlement of the terms stipulated is in full payment of all alimony claim or claims whatsoever".

It may be observed that under §8000 GC there can be no contract altering the legal relations of husband and wife except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation. The contract provides for certain sums that are to be paid to the wife during a certain period. There being no children there is no reference to such in the contract. The contract is made in consideration of their living separate and apart as provided by the section. It has no reference to and does not mention any rights that either may relinquish upon either bringing a suit for divorce against the other. It contemplates only the relation that exists when they are living separate and apart. By this section there is a limitation on the husband and wife to contract in alteration of their legal relations, the exception being that they may agree to an immediate separation and make provision for support for either of them during their separation. Insofar as the contract undertook to preclude the defendant from seeking an order of the court for an allowance for her expenses incident to temporary alimony, it is beyond the statute and probably would be against public policy.

There are a number of cases cited touching the rights of parties under §§7999 and 8000 GC, among them Mendelson v. Mendelson, 123 Oh. St., 11; McGee v. Sigmund, 109 Oh. St., 375, which was overruled by the case of Hoegland v. Hoegland, 113 Oh. St., 228. We, however, are of the opinion that the question here presented is finally decided in the case of Norton v. Norton, 111 Oh. St., 262. It is there held that a judgment for alimony rendered in an action solely for permanent alimony brought by the wife, which is fully

satisfied, does not bar an application for alimony pendente lite made by the wife for the purpose of obtaining funds with which to enable her to make a defense in a suit for divorce brought by the husband subsequent to the alimony suit instituted by the wife, where it appears that such wife has not sufficient means of her own to make a defense. The court, speaking through Allen, J., announces the following principles which may apply to the case at bar. We will not attempt to quote accurately but give only the substance: The right of a wife to temporary alimony rests largely in the discretion of the court. The poverty of the husband is no defense where the action is brought by him, since he should not be permitted to prosecute the action if he cannot furnish the wife with means to make her defense. Temporary alimony is granted the wife upon the theory that she is entitled to make her defense, and that she has no means to defend herself during the pendency of the suit, and if she is destitute she cannot make her defense.

The court states at the bottom of page 271:

"It may be observed that in the motion for temporary alimony, the wife is applying for suit money, and not for permanent alimony. In other words, this is not an independent action for a new allowance of permanent alimony, but is an application for alimony pendente lite growing out of the action brought by the husband for divorce."

In that case there was a separation settlement, and the court says:

"This is a case where the husband has subjected his wife to additional expense not contemplated, so far as the record shows, in the settlement of the suit for alimony by satisfaction of the judgment therein."

"Under these circumstances the wife is entitled to make her defense and to be protected in her right to temporary alimony for that purpose irrespective of the satisfaction of the previous judgment."

Judgment of the court affirmed. Cause remanded.

BARNES, P. J., and HORNBECK, J., concur.