[S. F. No. 17926. In Bank. Oct. 25, 1950.]

ALEXANDRINE VERDIER, Appellant, v. PAUL VERDIER, Respondent.

Arthur B. Dunne, Harry S. Young, Dunne & Dunne, Young, Hudson & Rabinowitz, Hallinan, MacInnis & Zamloch and William F. Cleary for Appellant.

Morgan J. Doyle and J. Joseph Sullivan for Respondent.

TRAYNOR, J.—In her ''COMPLAINT FOR MAINTENANCE, DIVISION OF COMMUNITY PROPERTY, AND OTHER RELIEF,'' plaintiff alleges that she and defendant were married in Paris, France, on December 27, 1918 and lived together as husband and wife until January 10, 1937, when they separated pursuant to a separation agreement executed on that date. By the terms of the agreement, attached to the complaint as ''Exhibit 'A' '', defendant agreed ''to provide his said wife with an income of not less than $500.00 a month for her support and maintenance, and to pay said monthly sum to her on or

before the 5th day of each month commencing with the month of February, 1937. Said sum of $500.00 is approximately one-half the salary now received by Paul Verdier, less payments for interest and taxes. In case his income increases, it is understood and agreed that he will pay monthly to his said wife in addition to the amounts hereinabove mentioned one-half of such increase.'' The terms and conditions of the agreement were fully performed until March, 1942, but after that date, ''defendant Verdier failed and refused and neglected to perform the terms and conditions of said writing, Exhibit 'A' hereto, on his part to be performed and failed and refused to pay the plaintiff the sum of $500 per month or any greater sum on account of any increase in his income.'' Defendant represented to plaintiff that he was not financially able to make further payments under the 1937 agreement and requested a modification thereof. Plaintiff alleges that these representations were false and fraudulent but that she was not then aware of their falsity. In reliance on defendant's representations plaintiff agreed to a modification of the provisions for her support by a second written agreement dated May 11, 1946, attached to the complaint as ''Exhibit 'B' ''. Plaintiff's support payments were reduced to $400 per month and defendant paid her $10,000 in settlement of her claim for accrued payments under the 1937 agreement. Defendent thereafter performed the terms and conditions of the agreement as modified through July, 1948, but ''Thereafter, although demand was made upon him to do so, defendant Verdier failed, refused and neglected and still fails, refuses and neglects to pay to plaintiff any sum whatsoever.'' Plaintiff's complaint was filed October 2, 1948.

Plaintiff prays for judgment that the 1946 agreement be rescinded by reason of defendant's fraud in its procurement, that defendant and his agents be enjoined from selling, mortgaging, or otherwise disposing of the community property of plaintiff and defendant or the separate property of either of them except pursuant to court order, that defendant be required to pay plaintiff $250 for expenses of plaintiff's travel from New York to San Francisco to attend hearings, $1,000 per month beginning August 1, 1948, for plaintiff's support and maintenance, $1,000 for costs of prosecution of the present action, $1,500 auditor's fees, and $5,000 counsel fees pendente lite, and that ''plaintiff have judgment herein against defendant Paul Verdier determining the community rights of

plaintiff and defendant Paul Verdier and disposing of their community property and providing for the permanent support and maintenance of plaintiff and further providing that defendant Verdier give reasonable security for providing said support and maintenance and making any other payments required by this Court.''

Concurrently with the filing of her complaint, plaintiff procured an order to show cause why defendant should not be required to pay her pendente lite relief, accompanied by her affidavit that defendant had wilfully failed to provide for her support and that ''I have been, since August 1, 1948, and now am, without funds or property, or any means of support whatsoever.'' In his return thereto, defendant asserted that by reason of the existence of the 1937 agreement the court ''is without power or jurisdiction'' to require defendant to make the requested payments. After a hearing on the order and the return, the court concluded that it was without jurisdiction to award pendente lite relief and entered an order discharging the order to show cause. Plaintiff appeals.

It is conceded that the trial court's order was not based upon an adjudication of the merits of plaintiff's request for pendente lite relief but solely upon its conclusion that it had no jurisdiction to determine the merits thereof. (See *Robinson* v. *Superior Court*, 35 Cal.2d 379, 383 [218 P.2d 10].) The question presented by this appeal therefore is: May a wife living separate and apart from her husband by agreement maintain an action under Civil Code, section 137*, for permanent support and maintenance upon her husband's failure to perform the agreement, if she does not also attack the agreement or seek to set it aside?

The allegations and prayer of plaintiff's complaint are consistent with the maintenance of such an action. She alleges that defendant has wilfully failed to provide for her

---

*''When the husband wilfully fails to provide for the wife, she may, without applying for divorce, maintain in the superior court an action against him for permanent support and maintenance. . . . During the pendency of any such action the court may, in its discretion, require the husband . . . to pay as alimony or as costs of action or as attorney's fees any money necessary for the prosecution of the action and for support and maintenance. . . . The court, in granting the husband or wife permanent support and maintenance . . . in any such action, shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by a court of competent jurisdiction. The final judgment in such action may be enforced by the court by such order or orders as . . . it may . . . deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.''

support although he "is abundantly able financially to make payments" therefor, and she prays for judgment "providing for the permanent support and maintenance of plaintiff" and dividing their community property. Section 137 authorizes the court to make pendente lite awards "during the pendency of any such action." (*Warner* v. *Warner*, 34 Cal.2d 838, 840 [215 P.2d 20]; *Baldwin* v. *Baldwin*, 28 Cal.2d 406, 418 [170 P.2d 670]; *Mudd* v. *Mudd*, 98 Cal. 320, 321 [33 P. 114]; *Loeb* v. *Loeb*, 84 Cal.App.2d 141, 144-145 [190 P.2d 246].)

Defendant contends, however, that the present action cannot be brought under section 137 for permanent support and maintenance for the reason that "when a husband and wife are living separate and apart by agreement, and that agreement provides for stipulated support, an action based upon that agreement and to rescind an amendment thereto, is not and cannot be, an action for permanent maintenance and support, and if not for permanent maintenance and support, the court cannot award interim relief." In his view, plaintiff can maintain an action under section 137 only if she attacks the 1937 agreement and seeks to set it aside. If she pleads the existence of the agreement and does not attack its validity, defendant contends that her action is necessarily an action on the contract and not an action for permanent support and maintenance.

An action for support and maintenance under section 137 is not barred by the existence of an unperformed separation agreement. The allegation of such an agreement is essential to plaintiff's cause of action under section 137. Plaintiff and defendant are living separate and apart by agreement (Civ. Code, § 159), and defendant is not "liable for her support when she is living separate from him, by agreement, unless such support is stipulated in the agreement." (Civ. Code, § 175.) To establish her husband's failure to provide for her support, therefore, it was essential that plaintiff establish a continuing duty to provide support by the allegation of an agreement in which "such support is stipulated." The agreement preserves the husband's duty of support and prescribes the terms upon which that duty may be discharged. It is not the agreement alone, however, but the performance thereof that discharges that duty. (*Bay District Claim Service, Ltd.* v. *Jones*, 136 Cal.App. Supp. 789, 791 [24 P.2d 977]; *Cram* v. *Cram*, 116 N.C. 288, 294 [21 S.E. 197].) If the husband has wilfully failed to perform the agreement, an

allegation of such failure is a sufficient allegation of his wilful failure to provide for plaintiff under section 137. (*Cram* v. *Cram, supra.*)

Defendant, however, contends in effect that although plaintiff must allege the 1937 agreement and its breach to state a cause of action under section 137, she cannot maintain such an action unless she also attacks the agreement. This contention is opposed to the weight of authority. A separation agreement that the husband has failed to perform is not a bar to the wife's action for separate maintenance, even though she does not repudiate the agreement or seek to set it aside. (See cases collected in 10 A.L.R.2d 536-540.) The wilful breach of the agreement may be asserted as a ground of the action for permanent support and maintenance. The agreement must be alleged as an essential element of the wife's cause of action, but its support provisions may also be relied upon as a proposed measure of the husband's duty of support. (*Bradford* v. *Bradford*, 296 Mass. 187, 189 [4 N.E.2d 1005] ; *French* v. *French*, 302 Ill. 152, 161 [134 N.E. 33].) An attack upon the agreement is not a prerequisite to an action for separate maintenance or for divorce. (*Moog* v. *Moog*, 203 Cal. 406, 408 [264 P. 490] ; *Locke Paddon* v. *Locke Paddon*, 194 Cal. 73, 81 [227 P. 715] ; *Steinmetz* v. *Steinmetz*, 67 Cal.App. 195, 198 [227 P. 713] ; *French* v. *French, supra*; *Bradford* v. *Bradford, supra*; *Cram* v. *Cram*, 116 N.C. 288, 294 [21 S.E. 197] ; see, also, *Hough* v. *Hough*, 26 Cal.2d 605, 609-610, 612 [160 P.2d 15] ; *Smith* v. *Smith*, 94 Cal.App. 35, 47 [270 P. 463] ; 166 A.L.R. 675 ; 109 A.L.R. 1068.) "Even if the agreement be not void it is subject to the sanction of the court and does not deprive the court of its power to grant temporary alimony under the statutory authority therefor." (*Locke Paddon* v. *Locke Paddon, supra,* 194 Cal. 73, 81 ; see, also, *Steinmetz* v. *Steinmetz*, 67 Cal.App. 195, 198 [227 P. 713] ; *Davis* v. *Davis*, (Ohio App.) 51 N.E.2d 288, 289 ; *Robinson* v. *Robinson*, 87 Wash. 520, 522-523 [151 P. 1128, L.R.A. 1916B 919] ; 1 Nelson, Divorce and Annulment, §§ 12.40, 13.42, pp. 440, 521.)

It is entirely appropriate, therefore, for plaintiff to rely upon the breach of the agreement as the basis of her action and to offer the agreement as a standard or measure of her husband's duty of support. The court is not bound by the terms of the agreement; by seeking a decree for her support and maintenance plaintiff submits to the power of the court to enter a decree providing for her support upon differ-

ent terms or in a different amount from that provided by the agreement. (*Adams* v. *Adams,* 29 Cal.2d 621, 624-625 [177 P.2d 265]; *Hough* v. *Hough,* 26 Cal.2d 605, 612-613 [160 P.2d 15]; cf., *Cameron* v. *Cameron,* 85 Cal.App.2d 22, 28 [192 P.2d 89].)

■ The agreement does not survive the entry of the decree. From the date of its entry the decree is the sole measure of plaintiff's right to support. " ' [*T*]*he separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such.*' " (*Hough* v. *Hough, supra,* 609-610.) ■ The decree in such an action may be thereafter modified by the trial court on a proper showing therefor whether or not a power of modification is expressly reserved in the decree. (*Monroe* v. *Superior Court,* 28 Cal.2d 427, 429-430 [170 P.2d 473]; *Adams* v. *Adams, supra,* 624-625; *Hough* v. *Hough, supra,* 611-613.)

Nothing in the decision of this court in *Patton* v. *Patton,* 32 Cal.2d 520 [196 P.2d 909], supports defendant's position. In that case the parties had agreed to live separate and apart, but the agreement did not stipulate for the support of the wife. The agreement was a property settlement, in which, in consideration of the payment to her of a specified sum, the wife waived all rights to support, maintenance, costs, or attorney's fees in any later action. Property settlement agreements, unlike those providing for support and maintenance, are binding on the court if not induced by fraud or duress or in violation of the confidential relationship of the parties. (*Adams* v. *Adams, supra,* 29 Cal.2d 621, 624-627.) The court is not at liberty to disregard such an agreement or to enter a decree that modifies any of its terms. A decree incorporating such an agreement may not thereafter be modified. (*Hough* v. *Hough, supra,* 612, and cases cited therein.) In the Patton case, the wife sought to retain the benefits of the property settlement and to secure a decree for her support and for temporary alimony and counsel fees pendente lite inconsistent with her express waiver thereof. Relying on *Adams* v. *Adams, supra,* this court stated that "Under these circumstances . . . the contract 'stood in the way . . . of any judgment for plaintiff's support contrary to or inconsistent with its provision, and the court could not properly ignore its existence.' " (*Patton* v. *Patton, supra,* 524; see, also, *Majors* v. *Majors,* 70 Cal.App.2d 619, 627 [161 P.2d 494].) In the present case,

however, the agreement submitted to the court is one for support and maintenance. It contains no waiver of temporary support or counsel fees. (See *Estate of Minier*, 215 Cal. 31, 36 [8 P.2d 123, 81 A.L.R. 689].) The court may modify or reject it in entering a decree for plaintiff's permanent support and maintenance.

Defendant contends, however, that plaintiff has elected to stand on her rights under the 1937 agreement and to seek specific performance thereof, rather than to seek a decree for her permanent support and maintenance under section 137. If the remedy of specific performance is available to enforce a contract made pursuant to Civil Code, section 159 (*cf., Hough* v. *Hough, supra*, 26 Cal.2d 605, 611), the terms of the agreement would limit the judgment that could be entered. Such a judgment would be beyond the power of the court to modify thereafter, and plaintiff's rights would be based upon the agreement and not upon the power of the court to order her husband to provide for her permanent support and maintenance under section 137. In an action on the contract plaintiff would not be entitled to temporary support or counsel fees pendente lite. Relief by way of specific performance would be inconsistent with relief under section 137 in that in the former case temporary support and counsel fees could not be granted and the court would be without power to vary the support provisions provided in the contract.

In her complaint plaintiff has alleged the existence of the 1937 agreement and defendant's wilful breach thereof. These allegations are consistent with either an action to enforce the 1937 contract as such or an action for relief under section 137. By her prayer, however, plaintiff seeks a "judgment . . . providing for the permanent support and maintenance of plaintiff" in the amount of $1,000 per month, which was not the amount specified by the contract, for counsel fees and temporary support, for a division of the community property, and for similar relief that is consistent only with the theory that the action is brought under section 137 for permanent support and maintenance. Although plaintiff did not wish to attack the validity of the 1937 agreement and was willing to have it serve as a measure for the relief under section 137, she did not indicate that she wished the court to be bound by its terms. The transcript clearly indicates that the court and counsel were concerned solely with the question whether it was necessary for plaintiff to attack the 1937 agreement to establish jurisdiction for an award of temporary support

and counsel fees. The decision of the court was not based upon the conclusion that plaintiff had elected to sue on the contract but upon the conclusion that on the allegations of her complaint no other remedy was available to her. ■ If plaintiff is in fact seeking to maintain inconsistent actions, she can be required to elect between them. The election, however, must be made by plaintiff in the trial court and not by this court on appeal.

The order is reversed and the cause remanded for further proceedings in conformity with the views expressed herein.

Gibson, C. J., Edmonds, J., and Spence, J., concurred.

SHENK, J.—I concur in the judgment for the following reasons: The two parts of the agreement between the parties are in effect but one modified agreement. In refusing to perform the promises of the modification the defendant has repudiated the entire agreement. His alleged conduct would not support an inference that in refusing to comply with the modified agreement he was willing to perform under the agreement before modification. The plaintiff might have elected to sue on the agreement or in equity to attack the agreement as modified and, as prayed, take the relief due her in an action for separate maintenance. In the latter event she would be entitled to the interim relief afforded by the provisions of section 137 of the Civil Code. The defendant may not repudiate the agreement and at the same time rely upon it as a bar to that relief. (*Bradford* v. *Bradford*, 296 Mass. 187 [4 N.E.2d 1005].) The election here belongs to the plaintiff, not to the defendant.

CARTER, J.—I dissent.

Being convinced that great confusion and uncertainty will result from the majority opinion, I feel constrained to call attention to the principles of law involved in this case with the hope that the bar may see fit to call the same to the attention of the Legislature to the end that appropriate legislation may be adopted to clarify what the Legislature obviously intended to be the law when it enacted section 175 of the Civil Code. This confusion could obviously have been avoided had this court followed the sound legal reasoning of the trial court and applied settled principles of law to the facts of this case.

There are two main questions presented in this case:

(1) May an action for separate maintenance be maintained by the wife when she is living separate and apart from her husband pursuant to agreement wherein the husband agrees to pay her support money, but has defaulted in the payments, or is her sole cause of action one on the agreement? (2) Assuming she may maintain such an action, does she have to make an election whether she will proceed under the statutory liability for support—separate maintenance, or under the contract, and if so, when?

The answer of the majority to the first question is that she has both remedies. As to the record, it is not clear which remedy she is seeking.

It would seem that as long as the contract exists the *sole remedy* is on it unless we read language into section 175 of the Civil Code. There is no doubt that the husband is liable by law for the support of the wife. But there are *exceptions* to that liability by reason of section 175 which reads: "A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; nor is he liable for her support when she is living separate from him, by agreement, unless such support is stipulated in the agreement." That is to say no such liability exists where (1) the wife has unjustifiably abandoned her husband or (2) she is living separate from him by *agreement* unless he agrees to support her. The reasonable conclusion is that it is the *agreement* to support which is the *basis* of her right where there is a separation agreement and the statutory liability *does not exist* until and unless the agreement is repudiated and rescinded, and necessarily, the only remedy for a breach of the agreement is an action on the contract. It is said in 7 So.Cal.L.Rev. 342, 343: "It would seem that if the husband defaults on the agreement by failing to pay the monthly allowance, the wife's remedy should be on the agreement. She may, and did in the instant case, secure a judgment against the husband for the amount in default. Since her right to support is derived from the agreement (§ 175) she should not be able to resort to the common law obligation but should be required to pursue her remedy on the agreement." At most, the right cannot shift to the statutory duty until the contract ceases to exist. That might occur by mutual rescission, reconciliation or offer thereof, or by a complete repudiation of it by the husband, *accepted by the wife* as an abandonment of the contract. Certainly a mere failure to pay a few monthly installments is not a repudiation.

That there must be an abandonment of the agreement by the wife before an action for separate maintenance lies is evident from the fact, that as long as the contract is in force, she is living apart from her husband with his consent and is thus not entitled to support under section 175. It is said in *London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460, 466 [184 P. 864], in stating that an interlocutory judgment of divorce with no provision for support is like a contract to live apart: "The judgment has the effect of a contract for that purpose. Until that contract *is in some manner changed,* either in the action or in some independent proceeding, or by a reconciliation, her right to support is *suspended.*" (Emphasis added.) The court stated in *Lloyd Corp. Ltd.* v. *Industrial Acc. Com.*, 61 Cal.App.2d 275, 279 [142 P.2d 754]: "A husband's obligation of support is *suspended* while his wife is living separate from him by agreement (Civ. Code, § 175), but the resumption of marital relations, following a reconciliation, cancels the executory obligations of separation agreements." (Emphasis added.) If it is suspended when there is an agreement, it stays suspended as long as there is such an agreement. The wife cannot say yes there is an agreement but my husband has failed to make some payments thereunder and thus I am entitled to separate maintenance, for by standing on the agreement she is necessarily consenting to live separate and apart, and thus, is not entitled to support under section 175. She cannot insist that part of the agreement be in force and the remainder not. It makes no difference whether she has grounds other than failure to provide for separate maintenance, she still has no right to support until she ceases to live separate with his consent or unless she is justified by her husband's conduct. Under any other view, a separate maintenance action is being used as merely an auxiliary remedy to enforce the agreement for support. But that cannot be done because it is conceded that such an action cannot be maintained as long as the husband performs.

It follows that an essential part of plaintiff's action for separate maintenance is missing, namely, that defendant has repudiated the separation agreement and plaintiff accepts such repudiation. Plaintiff makes no contention that the 1937 contract has been terminated. Such being the case, her only action is on the contract. This the plaintiff has not done. She took no stand on the matter in her complaint, in the trial court, or here, although pressed to do so.

The majority opinion entirely disregards the basic principle of law codified in section 175 of the Civil Code. That principle may be stated as follows: If the husband and wife are living separate and apart by agreement, the husband is not liable for her support unless the agreement so provides, in which event, he is liable for the amount specified in the agreement. His failure to perform the agreement would give her the right to sue him for any amount due her thereunder. It may be that his failure to perform is not wilful, and that both parties desire that the agreement continue in force. Certainly, when the agreement is pleaded, and its validity is not challenged, its provisions should be the sole basis for determining the relief to which plaintiff is entitled. Otherwise, such an agreement would be nothing more than a scrap of paper and no reputable lawyer would advise a husband to execute one. Those who have had experience in the settlement of domestic problems for clients know that usually many matters other than the payment of support money are embodied in such agreements, and that to permit a wife to repudiate the entire agreement and sue for separate maintenance in disregard of its provisions, without restoring the benefits she had received thereunder, would place her in a position to take an unfair advantage by obtaining allowances to which she would not be entitled under the agreement which she concedes to be valid and binding upon her.

It seems clear to me that the rule should be that when an agreement is pleaded, and its validity is not attacked, the relief to which the parties are entitled must be limited to its provisions, and that this should be the rule even though an attempt is made to scramble a cause of action for separate maintenance into the same complaint or cause of action in which the agreement is pleaded.

In the case before us, the 1937 agreement was the basic agreement between the parties. It provided, among other things, for plaintiff's support and maintenance while living separate and apart from defendant. It made no provision for payment by defendant of any of the items which plaintiff asked the court to allow her in her application here involved. She claimed that the modification of this agreement which she executed in 1946 was procured by fraud, and is therefore invalid. She asks to have this modification set aside, but she makes no offer to restore the benefits she received pursuant to its provisions. Assuming that she may have the right to rescind the 1946 agreement, she is not attacking the 1937

agreement and the relief to which she is entitled must be determined by the provisions of the latter agreement if any effect whatever is given to section 175 of the Civil Code.

The majority opinion correctly states the problem involved herein as follows: "The question presented by this appeal therefore is: May a wife living separate and apart from her husband by agreement maintain an action under Civil Code, section 137, for permanent support and maintenance upon her husband's failure to perform the agreement, if she does not also attack the agreement or seek to set it aside?"

Said opinion then states: "To establish her husband's failure to provide for her support, therefore, it was essential that plaintiff establish a continuing duty to provide support by the allegation of an agreement in which 'such support is stipulated.' The agreement preserves the husband's duty of support and prescribes the terms upon which that duty may be discharged. . . .

"If the remedy of specific performance is available to enforce a contract made pursuant to Civil Code, section 159 (cf., Hough v. Hough, supra, 26 Cal.2d 605, 611), the terms of the agreement would limit the judgment that could be entered. Such a judgment would be beyond the power of the court to modify thereafter, and plaintiff's rights would be based upon the agreement and not upon the power of the court to order her husband to provide for her permanent support and maintenance under section 137. In an action on the contract plaintiff would not be entitled to temporary support or counsel fees pendente lite. Relief by way of specific performance would be inconsistent with relief under section 137 in that in the former case temporary support and counsel fees could not be granted and the court would be without power to vary the support provisions provided in the contract."

The majority opinion concludes with the following statement: "Although plaintiff did not wish to attack the validity of the 1937 agreement and was willing to have it serve as a measure for the relief under section 137, she did not indicate that she wished the court to be bound by its terms. The transcript clearly indicates that the court and counsel were concerned solely with the question whether it was necessary for plaintiff to attack the 1937 agreement to establish jurisdiction for an award of temporary support and counsel fees. The decision of the court was not based upon the conclusion that plaintiff had elected to sue on the contract but upon the

conclusion that on the allegations of her complaint no other remedy was available to her. If plaintiff is in fact seeking to maintain inconsistent actions, she can be required to elect between them. The election, however, must be made by plaintiff in the trial court and not by this court on appeal.''

As I analyze the majority opinion, it holds that if a valid contract exists between plaintiff and defendant she is bound by its terms, and the court would have no power to make an award to her granting her relief not provided for in the agreement, but since she did not state in so many words that she was standing on the agreement, but merely pleaded it for the purpose of establishing defendant's obligation to her for support and maintenance and then asked for additional relief in the way of allowances not covered by the agreement, the court was powerless to do anything except consider her application for the additional allowances and render a decision on the merits to her application for such allowances. Such procedure, in my opinion, would amount to trifling with the court by permitting a plaintiff to blow hot and blow cold, depending upon the particular mood she was in at the time she presented her application. A more common sense view would seem to be that when she pleaded the agreement and did not attack its validity, she thereupon made an election to stand on it, and the relief to which she was entitled would have to be limited by its provisions. Since the majority opinion holds that if there is a valid and binding agreement existing between the parties ''the court would be without power to vary the support provisions provided in the contract,'' why should not the trial court be permitted to require plaintiff to take a position, as it did in this case, and she having refused to repudiate the contract, conclude that she was bound thereby and deny her any relief other than that provided for in the contract? I respectfully submit that the majority opinion does not contain a satisfactory answer to this question.

The out-of-state cases cited in the majority opinion are of no persuasive authority in this state, for the reason that it does not appear that in any of those states was there a statute in any respect comparable to section 175 of our Civil Code, which is controlling here.

On the subject of election, this court held in the very recent case of *Steiner* v. *Rowley*, 35 Cal.2d 713 [221 P.2d 9], that a plaintiff made an election between a tort and contract action by the mere issuance of an attachment. Such holding was made notwithstanding the provisions of subdivision 3 of sec-

tion 537 of the Code of Civil Procedure, that an attachment may be issued in a tort action where the defendant is a non-resident of the state. It seems to me that such holding goes much farther than it is necessary to go in this case to hold that when plaintiff pleaded the 1937 agreement without attacking its validity, she thereby made an election to stand on such agreement and that the relief to which she was entitled should be limited by its provisions.

It, therefore, seems clear to me that if plaintiff is seeking to enforce the 1937 agreement, she is not entitled to support pendente lite, traveling expense, support and maintenance, costs, and attorney's fees. (Lindey, Separation Agreements, § 26, p. 425.) If she is seeking to set aside both the 1937 and 1946 contracts, and suing for separate maintenance and support, she would be, in the discretion of the court, entitled to such relief (Civ. Code, § 137), pending the determination of the validity of the contracts. (*Patton* v. *Patton,* 32 Cal.2d 520 [196 P.2d 909].) A note in 7 So.Cal.L.Rev., 342, 343, states that it would seem that if the husband defaults on the agreement by failing to pay the monthly allowance, *the wife's remedy should be on the agreement.* If she is suing to enforce the 1937 agreement, it would seem that her rights are limited by that agreement, although to do so she must have the 1946 amendment set aside.

When the two sections (137 and 175 of the Civil Code) are read together it would appear that where the wife is living separate and apart from her husband by agreement, she has no cause of action for wilful failure to provide *if* the agreement does not provide for her support; if the agreement *does* provide for her support, then her remedy is limited to the enforcement of the provisions thereof. Plaintiff, therefore, may not seek to enforce the agreement and, at the same time, state a cause of action for separate maintenance under section 137 of the Civil Code and pray for support pendente lite, etc.

"Where the husband breaches the agreement, the wife can stand on her matrimonial rights and sue for alimony and counsel fees, or stand on her contract rights as any person who has made a contract with another, and forego the advantages of the matrimonial relation. She cannot do both; she must elect because the remedies are inconsistent.

"As a rule the election will be spelled out from the course adopted by the wife. If she sues for separation, she is deemed to have rescinded the separation agreement and may not later recover thereon . . . Conversely, if she sues for monthly

payments under the contract, she elects to affirm it, and waives the right to repudiate it and ask for alimony and counsel fees. But a subsequent breach will revive her right of election.

"In view of the inconsistency already pointed out, it is clear that the wife cannot in one action sue for separate maintenance and for payments due under a separation agreement, nor can she maintain two separate concurrent actions for the same purposes." (Lindey, Separation Agreements, 1937, § 16, pp. 318, 321, and cases cited there.)

It would seem that plaintiff wife is here attempting to pursue, in one cause of action, two inconsistent remedies. (10 Cal.Jur., p. 1; 5 Cal.Jur., 10-Yr.Supp., p. 412, and cases cited.)

At the hearing in the trial court, it was admitted by plaintiff's attorney several times that his client was seeking to enforce the 1937 agreement. This admission would seem to preclude the court from granting the interim relief sought since it appears that this is not a case where the plaintiff is seeking to set aside a contract and sue for alimony or for separate maintenance and allowance for costs and attorneys' fees. She appears to seek relief based solely on the 1937 contract. From the foregoing, it should be clear that the 1937 contract stands in the way of any order for plaintiff's support contrary to or inconsistent with its provisions and that the court, properly, did not ignore its existence. (*Patton* v. *Patton*, 32 Cal.2d 520, 524 [196 P.2d 909]; *Majors* v. *Majors*, 70 Cal.App.2d 619 [161 P.2d 494]; Lindey, Separation Agreements, *supra*.)

I would, therefore, affirm the order of the trial court.

SCHAUER, J., Dissenting.—I concur in the conclusion reached by Justice Carter.