EFFIE M. VIERA, Respondent, v. FRANK R. VIERA, Appellant.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellant.

No appearance for Respondent.

DRAPEAU, J.—This appeal is from that portion of an interlocutory decree of divorce entered on July 7, 1950, to wit:

"It is further ordered, adjudged and decreed that, until plaintiff and defendant shall have effected a sale of the real property located at 845 North Valencia Street, Glendora, California, plaintiff is hereby granted the sole possession of said real property, and defendant be and he is hereby restrained from residing in or entering the family home and/or appearing upon the premises surrounding said building.

"It is further ordered, adjudged and decreed that defendant be and he is hereby restrained from annoying or molesting

plaintiff and also from appearing in or near plaintiff's place of employment.''

No appeal is taken from the balance of the said judgment which awarded a divorce to plaintiff wife; directed a sale of the family home; ordered defendant husband to pay (1) all bills for household expenses contracted prior to April 13, 1950, the date of separation; and (2) $140 directly to plaintiff's attorney to cover attorney's fees and costs.

By her amended complaint respondent prayed:

(a) For dissolution of the marriage ties;

(b) For approval of a property settlement theretofore executed by the parties, and for a declaration that both were bound thereby; and

(c) For ''such other and further relief as is meet in the premises.''

Appellant filed no answer and his default was duly entered. It is here contended that the portion of the judgment from which this appeal is taken is erroneous, because the relief thereby accorded to respondent was in excess of and beyond the relief prayed for in the amended complaint.

Section 580, Code of Civil Procedure, provides: ''The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . .''

In her original complaint, to which a demurrer was sustained with leave to amend, respondent prayed for an order pendente lite restraining appellant from molesting her, from appearing at her place of employment, ordering him to remove from the family home and restraining him from entering thereon.

Respondent's amended complaint contains neither allegations nor prayers regarding these particular matters.

As stated in *Darsie* v. *Darsie,* 49 Cal.App.2d 491, 493 [122 P.2d 64] : ''The law is established in California that an amended complaint supersedes the original complaint and thereafter the original complaint performs no function as a pleading. (*Bray* v. *Lowery,* 163 Cal. 256, 260 [124 P. 1004] ; *Collins* v. *Scott,* 100 Cal. 446, 453 [34 P. 1085].) . . .

''The relief granted to a plaintiff in a divorce action, if no answer be filed, cannot exceed that which is demanded in the complaint. (Code Civ. Proc., § 580; *Bennett* v. *Bennett,* 50 Cal.App. 48, 49 [194 P. 503] ; *Lang* v. *Lang,* 182 Cal. 765, 769 [190 P. 181] ; see *Horton* v. *Horton,* 18 Cal.2d 579 [116 P.2d 605].)''

See, also, *Foley* v. *Foley*, 120 Cal. 33, 42 [52 P. 122, 65 Am.St.Rep. 147], and *Majors* v. *Majors*, 70 Cal.App.2d 619, 623 [161 P.2d 494].

 In the circumstances here presented, it is clear that the relief accorded respondent was in excess of that demanded.

That portion of the judgment appealed from is reversed.

White, P. J., and Doran, J., concurred.